## S93A0079. CHEEKS et al. v. MILLER et al.
## S93A0141. EHRHART v. MILLER et al.
(425 SE2d 278)

HUNT, Presiding Justice.

The plaintiffs — registered voters and certain present and former members of the General Assembly — brought this action for injunctive, mandamus, and declaratory relief, challenging the authority of the Governor and Attorney General to enter into a proposed settlement of certain federal litigation concerning the Voting Rights Act, 42 USC § 1971 et seq.[1] The trial court concluded that the provisions of

---

[1] The four cases are: Civil Action 88-CV-146, *Brooks v. Ga. State Bd. of Elections,* United States District Court for the Southern District of Georgia, Brunswick Division; Civil Action 1:90-CV-1001-RCF, *Brooks v. Harris,* in the United States District Court for the Northern District of Georgia, Atlanta Division; Civil Action 1:90-CV-1749-RCS, *United*

the proposed settlement were consistent with state law. Hence, it held the governor could settle on those terms. The trial court did not address the issue of ripeness, although that issue was suggested by the state officials. However, we hold that this case is not ripe for review, and remand to the trial court so that it may be dismissed.

The issue presented by the plaintiffs is whether the Governor and Attorney General have the authority to enter into the proposed settlement.[2] Our review of the posture of this case and of the federal litigation involved leads us to conclude that, at present, there is no controversy appropriate for judicial determination.

"The existence of an actual controversy is fundamental to a decision on the merits by this court." *Bowers v. Bd. of Regents*, 259 Ga. 221 (378 SE2d 460) (1989). A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot. *Board of Trustees v. Kenworthy*, 253 Ga. 554, 557 (322 SE2d 720) (1984). Similarly, federal courts employ the doctrine of "ripeness" under the Article III requirement of a "case or controversy." See Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction No. 2d, § 3532.

The proposed settlement consists of a three-page "settlement memorandum" jointly from the Attorney General and an attorney for the plaintiffs in the federal litigation, addressed not to the federal judge presiding over any of the federal cases, but to another federal judge, who is serving as a mediator between the parties. The memorandum consists of 16 paragraphs containing specific and aspirational terms concerning the settlement of the federal litigation.

The proposed settlement has been submitted to the federal district court and to the U. S. Department of Justice. However, there is no indication in the record before us that *any* of the provisions of Federal Rule of Civil Procedure 23 (e),[3] which must be met prior to

---

*States of America v. State of Ga. & Harris*, in the Northern District of Georgia; and Civil Action 90-2065, *State of Ga. v. Thornburg*, in the United States District Court for the District of Columbia.

[2] Cheeks and Ehrhart do not, and cannot, challenge the authority of the Governor and the Attorney General, as his counsel, to negotiate settlements of pending litigation. Rather, their challenge is to the authority of those constitutional officers to bind the people of Georgia to a settlement, the terms of which contravene the Constitution and legislative enactments of the state. Stated another way, the essence of their complaint is that the Governor cannot accomplish, through the settlement of this litigation, that which would otherwise require a constitutional amendment.

[3] Rule 23 (e) FRCP reads as follows:

Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

Under Rule 23 (e), a class action cannot be compromised or dismissed without the district court's approval, and the federal district court cannot approve a dismissal or compromise until the class members have been given notice describing the settlement and outlining the

settlement of federal class actions, has been satisfied, or that the parties have even begun steps to meet those requirements. What *is* apparent from the record is that at least some of the plaintiffs in the case before us have intervened in the federal litigation, presumably raising claims similar to those they raise in this case.[4]

In sum, the plaintiffs challenge a tentative agreement entered into in the federal litigation. In raising these questions, plaintiffs ask this court to do what it is not authorized to do: to render an advisory opinion on hypothetical and legal questions that have not arisen but which appellants fear may arise at a future date. *Board of Commrs. of Walton County v. Dept. of Public Health*, 229 Ga. 173 (2) (190 SE2d 39) (1972). For the foregoing reasons, we conclude this case is not ripe for judicial review, and the trial court erred by reaching the merits of the case. Accordingly, the trial court's order is vacated, and the appeal is remanded to the trial court for dismissal.

*Judgment vacated and remanded. Clarke, C. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 29, 1993.

*Stanley C. House, Charles L. Wilkinson III*, for appellants (case no. S93A0079).

*Proctor & Associates, Robert J. Proctor,* for appellant (case no. S93A0141).

*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Walbert & Hermann, David F. Walbert,* for appellees.

---

options open to them as class members. The settlement proponents must persuade the federal district court that the settlement is "fair, adequate and reasonable." See *Holmes v. Continental Can Co.*, 706 F2d 1144 (11th Cir. 1983).

The district court must consider important factors such as: (1) the strength of the merits of the plaintiffs' case balanced against the amount offered in settlement; (2) the presence of collusion in reaching the settlement; (3) the reaction of class members to the settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. 3B Moore's Federal Practice, Par. 23.80 [4].

[4] Should the federal court grant the motion to intervene, the intervenors may present their contentions and concerns about the proposed settlement to that court. See *Davis v. City & County of San Francisco*, 890 F2d 1438 (9th Cir. 1989). If the federal court denies their claims, the plaintiffs may yet object to any consent decree or judgment entered by the district court. *Martin v. Wilks*, 490 U. S. 755 (109 SC 2180, 104 LE2d 835) (1989).