## BEELINE ENTERTAINMENT PARTNERS, LTD., d/b/a Rachel's, Plaintiff,

v.

## COUNTY OF ORANGE, Defendant.

### No. 6:02CV940–ORL–31DAB.

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 13, 2003.

---

Victor L. Chapman, Barrett, Chapman & Ruta, P.A., Steven Gerald Mason, Law Office of Steven G. Mason, Orlando, FL, for Plaintiff.

Gary M. Glassman, Orange County Attorney's Office, Orlando, FL, for Defendant.

### ORDER

PRESNELL, District Judge.

This Court has for its consideration Defendant's Motion to Dismiss (Doc. 33) pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant's Memorandum of Law (Doc. 34), and Plaintiff's Response to Defendant's Motion (Doc. 41). The Court has carefully considered the motion and response including the accompanying memoranda, the Amended Complaint, and is otherwise fully advised in the premises.

### I. BACKGROUND FACTS [1]

Plaintiff, Beeline Entertainment Partners, Ltd., d/b/a Rachel's, operates an

---

1. The alleged facts in the amended complaint are accepted as true for purposes of this Order.

adult entertainment establishment at 8701 South Orange Ave, Orlando, Florida, known as Rachel's, Rachel's South, or Rachel's Men's Club. Rachel's is licensed by the Orange County Tax Collector under the Orange County Adult Entertainment Code ("AEC") to operate an establishment where dancers perform erotic dancing or striptease. Rachel's has been offering adult entertainment at its current location since March, 1994. On August 9, 2002, the Orange County Tax Collector notified Rachel's that it was suspending Rachel's license for a period of thirty (30) days under AEC § 3–35(c)(1)[2] because three or more persons employed by Rachel's had been convicted of criminal offenses occurring on Rachel's premises during 2001.[3] The suspension was based upon twenty-three separate convictions involving four different employees.[4] Pursuant to provisions detailed in the Notice of Suspension and AEC § 3–37(a), Rachel's filed a challenge to the suspension and requested a hearing.

Then, on August 16, 2002, Rachel's filed suit for declaratory and injunctive relief in this Court alleging violation of its civil rights under 42 U.S.C. § 1983 for violations of the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. Shortly thereafter, Rachel's filed a motion for temporary injunction and Orange County filed a motion to dismiss. A hear-

ing on the motions was scheduled for September 27, 2002. However, prior to the hearing, on September 22, 2002, Orange County amended the suspension and revocation portions of the AEC. As a result, at the hearing, Rachel's made an ore tenus motion for leave to file an amended complaint after reviewing the revisions to the AEC. The motion was granted.

Rachel's filed its amended complaint (Doc. 30) on October 17, 2002 seeking a declaratory judgment and a permanent injunction.[5] According to Rachel's, Orange County "has made it known that it intends to retroactively apply the code amendments in conjunction with the (alleged) criminal activity that occurred nearly three years in the past (in the year 2000) to the suspension action levied against Rachel's." (Pl's. Am. Compl. at ¶ 12). On November 12, 2002, Orange County filed a motion to dismiss (Doc. 33) asserting that the issues before the Court in Rachel's claims were not yet ripe.

## II. STANDARD OF REVIEW

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2

---

**2.** Section 3–35(c)(1) reads as follows:

> In the event three (3) or more violations of article V of this chapter occur at an adult entertainment establishment within a two-year period, and convictions result from at least (3) of the violations, the tax collector shall, upon receipt of evidence of the third conviction, suspend the license, and notify the licensee of the suspension. The suspension shall remain in effect for a period of thirty (30) days.

(Pl.'s Response, at attach., letter from Orange County, dated Aug. 9, 2002).

**3.** These offenses allegedly occurred during 2000.

**4.** Rachel's attached to its Response a letter from the Orange County Sheriff's Office to the Tax Collector, dated July 24, 2002, which listed the various offense dates, conviction dates, case numbers, defendants' names, and sections of the AEC that each defendant violated (AEC, Art. V, §§ 3–129(1), (4), (8), and (9)). Included with the letter, but not provided to the Court, were copies of the judgment and sentences for the convictions.

**5.** Although Rachel's indicates that it will submit a complete copy of the AEC to the Court under separate cover, (*see* Pl's. Am. Compl. at 3 n. 1; Pl's. Response at 3 n. 2), it has yet to do so.

L.Ed.2d 80 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994) (citation omitted). In evaluating a motion to dismiss a complaint, the court must accept all the alleged facts as true, and draw all inferences from those facts in the light most favorable to the plaintiff. *See, e.g., Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.1994). The court, however, does not generally accept as true conclusory allegations. *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n. 10 (11th Cir.1996) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974)). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984).

Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *Id.* However, a written exhibit attached to a pleading becomes part of the pleading. Fed.R.Civ.P. 10(c); *Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir.1994); *see generally Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), ... the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir.1991) (citing 2A Moore's Federal Practice, ¶ 10.06, p. 10–24); *Fladell v. Palm Beach County Canvassing Bd.*, 772 So.2d 1240, 1242 (Fla.2000) (citation omitted). Furthermore, where a plaintiff refers to certain documents in the complaint and those documents are central to plaintiff's claims, then the Court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal. *Brooks v.*

*Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). Attachment of such documents to the motion to dismiss does not require conversion of the motion into a motion for summary judgment. *Id.*

### III. ANALYSIS

Orange County contends that Rachel's claims are not ripe and it must exhaust all administrative remedies before bringing suit. Rachel's responds that because it is making constitutional attacks on the ordinance, it should not be required to exhaust its administrative remedies. Rather, it should be allowed to proceed in a declaratory judgment action. Further, Rachel's asserts that the ripeness requirements are relaxed when a case involves First Amendment issues. Both Orange County and Rachel's arguments are only partially correct.

■ The ripeness doctrine involves consideration of both jurisdictional and prudential concerns. *Pittman v. Cole*, 267 F.3d 1269, 1278 (11th Cir.2001) (quoting *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir.1997) (citing *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir.1984))). Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review. *Id.* (citing U.S. Const. art. III, § 2, cl. 1; *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir.1991)). The purpose of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements ...." *Id.* (quoting *Abbott Lab. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds by, Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)); *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*,

219 F.3d 1301, 1315 (11th Cir.2000). "Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint." *Action Alliance of Senior Citizens v. Heckler*, 789 F.2d 931, 940 n. 12 (D.C.Cir.1986); *Johnson*, 730 F.2d at 648. The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Abbott Lab.*, 387 U.S. at 149, 87 S.Ct. 1507, *overruled on other grounds by, Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Pittman*, 267 F.3d at 1278 (citations omitted); *see also Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir.1995) (Courts must resolve "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court.").

When considering whether a claim which challenges the constitutionality of a statute or ordinance is ripe for adjudication, a court must first determine if the claim involves a facial or as-applied challenge. A facial challenge, compared to an as-applied challenge, attempts to invalidate a statute or ordinance on the grounds of overbreadth. Within the First Amendment arena the jurisprudential criteria for

constitutional adjudication are sometimes relaxed when a facial attack is launched. *Martin Tractor Co. v. Federal Election Comm'n*, 627 F.2d 375, 380 (D.C.Cir.1980).[6] In addition, the standards for ripeness are sometimes relaxed when declaratory or injunctive measures are sought to protect First Amendment freedoms. *Id.* at 380–81. Reasonable predictability of enforcement or threats of enforcement, without more, have sometimes been enough to ripen a claim because of the "chill" on First Amendment speech. *Id.* (citations and footnotes omitted). Moreover, facial attacks on statutes or regulations ordinarily survive ripeness challenges even when actions toward the enforcement of the challenged laws have not been taken. *See, e.g., Times Film Corp. v. City of Chicago*, 365 U.S. 43, 45–46, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961); *Browning–Ferris Indus. of Ala. Inc. v. Alabama Dept. of Envtl. Mgt.*, 799 F.2d 1473, 1477 n. 3. (11th Cir.1986). Nevertheless, decisions reaching the merits of facial constitutional challenges are the exception and not the rule. *Id.* at 381. In his opinion for the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Justice Black noted:

> Procedures for testing the constitutionality of a statute "on its face" in the manner apparently contemplated by Dombrowski,[7] and for then enjoining all

---

**6.** Under Florida law, the facial constitutionality of an ordinance must be determined in original proceedings before the circuit court. *First Baptist Church of Perrine v. Miami–Dade County*, 768 So.2d 1114, 1115 n. 1 (Fla. 3d DCA 2000)(citing *Nostimo, Inc. v. City of Clearwater*, 594 So.2d 779 (Fla. 2d DCA 1992)); *see also Key Haven Associated Enters., Inc. v. Board of Trs. of Internal Imp. Tr. Fund*, 427 So.2d 153, 157 (Fla.1982) (citations omitted). Conversely, where an as-applied challenge to a rule or ordinance is raised, an individual must exhaust administrative remedies before proceeding to circuit court on a petition for writ of certiorari. *See Sarnoff v.*

*Florida Dept. of Highway Safety and Motor Vehicles*, 825 So.2d 351, 354 (Fla.2002); *Kirby v. City of Archer*, 790 So.2d 1214, 1215 (Fla. 1st DCA 2001). *Cf. Holiday Isle Resort & Marina Assocs. v. Monroe County*, 582 So.2d 721, 721 (Fla. 3d DCA 1991) (granting a petition for writ of certiorari quashing the order of the circuit court dismissing the facial and as-applied attacks by the petitioner as to the constitutionality of the county ordinance).

**7.** *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (holding abstention inappropriate in challenge by civil

action to enforce the statute until the State can obtain court approval for a modified version, are fundamentally at odds with the function of the federal courts in our constitutional plan.... [T]he task of analyzing a proposed statute, pinpointing its deficiencies, and requiring correction of these deficiencies before the statute is put into effect, is rarely if ever an appropriate task for the judiciary. The combination of the relative remoteness of the controversy, the impact on the legislative process of the relief sought, and above all the speculative and amorphous nature of the required line-by-line analysis of detailed statutes, ... ordinarily results in a kind of case that is wholly unsatisfactory for deciding constitutional questions, whichever way they might be decided. In light of this fundamental conception of the Framers as to the proper place of the federal courts in the governmental processes of passing and enforcing laws, it can seldom be appropriate for these courts to exercise any such power of prior approval or veto over the legislative process.

401 U.S. at 52–53, 91 S.Ct. 746.

Here, Rachel's asserts that it is making a facial attack on the AEC. To prevail on a facial attack, the plaintiff must demonstrate that the challenged law either could never be applied in a valid manner or, "even though it may be validly applied to the plaintiff and others, it nevertheless is so broad that it 'may inhibit the constitutionally protected speech of third parties.'" *N.Y. State Club Ass'n v. City of N.Y.*, 487 U.S. 1, 11, 108 S.Ct. 2225, 101 L.Ed.2d 1 (1988) (internal quotations omitted); *Adler v. Duval County Sch. Bd.*, 206 F.3d 1070, 1083–84 (11th Cir.2000) (en banc) (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). "[T]here must be a

realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984) (citations omitted). The mere fact that plaintiffs "allege[ ] a First Amendment chilling effect and shivers in court does not thereby establish a case or controversy." *National Student Ass'n v. Hershey*, 412 F.2d 1103, 1114 (D.C.Cir.1969).

■ Reading the amended complaint in the light most favorable to Rachel's, Rachel's has not indicated how the AEC inhibits or chills its speech or the speech of third parties. Neither has Rachel's alleged that the statute is impermissibly vague. Rather, the majority of Rachel's challenges to the AEC involve the AEC's application to Rachel's and the pending suspension. The overbreadth doctrine does not apply where there is no significant difference between the claim that the ordinance is invalid because of overbreadth and the claim that it is unconstitutional when applied to the plaintiff's own activities. *Id.* at 802, 104 S.Ct. 2118; *see Faustin v. City & County of Denver, Colo.*, 268 F.3d 942, 948–49 (10th Cir.2001); *see also Bates v. State Bar of Ariz.*, 433 U.S. 350, 381, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) (facial overbreadth review "strong medicine" to be "employed ... sparingly and only as a last resort")); *Hershey*, 412 F.2d at 1113–15.

■ Moreover, the decided cases demonstrate that the extent of the chill upon First Amendment rights induced by vague or overbroad statutes is the most signifi-

rights group to criminal aspects of subversive       control laws).

cant factor in determining whether an otherwise premature or abstract facial attack is ripe for decision. *Martin Tractor*, 627 F.2d at 384 (citations and footnote omitted). Considering first the issue of fitness, the Eleventh Circuit has noted that "claims are less likely to be considered 'fit' for adjudication when they ... require 'speculation about contingent future events.'" *Pittman*, 267 F.3d at 1278 (quoting *Cheffer*, 55 F.3d at 1524). This concern exists, as in this case, where the decision-making body has yet to render its final decision. *Id.; see also Digital Props.*, 121 F.3d at 590. Thus, as plead, Rachel's has failed to state a viable facial attack on the AEC and has also failed to demonstrate an issue ripe for determination.[8]

 Furthermore, Rachel's as-applied challenges to the AEC are not ripe. A plaintiff making an as-applied challenge to the constitutionality of a statute or ordinance must exhaust his or her administrative remedies before seeking relief in the courts. *Digital Props.*, 121 F.3d at 590 (citing *Abbott Lab.*, 387 U.S. at 148–49, 87 S.Ct. 1507); *see Pittman*, 267 F.3d at 1279–80; *Hallandale*, 922 F.2d at 762–63. Rachel's has done nothing more than challenge the Notice of Suspension and ask for a hearing. No final decision on the suspension has been made by a hearing officer or Orange County. Currently, Rachel's is still offering adult entertainment establishment and will be able to continue to offer such entertainment until a final decision is reached. Accordingly, there is nothing for this Court to determine.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. 33) is **GRANTED** without prejudice.

---

**8.** This is not to say that any and all possible facial attacks by Rachel's upon the statute would not be ripe for adjudication. Rather, as plead, the claims are deficient.