[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10829
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00897-JSM-TBM

EVELYN B. VANDENBRINK,
Individually and on behalf of all
others similarly situated,

Plaintiff-Appellant,

RICHARD BERG,
Individually and on behalf of all
others similarly situated,

Plaintiff,

versus

JEREMY JOSEPH VONESCHEN,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
a foreign corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(September 27, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Evelyn B. Vandenbrink appeals the dismissal with prejudice of her third amended complaint for failure to state a claim against her insurer, State Farm Mutual Automobile Insurance Company, and Jeremy Joseph Voneschen. See Fed. R. Civ. P. 12(b)(6). Vandenbrink sought a declaratory judgment and a permanent injunction against State Farm that would protect the proceeds of a settlement that resolved Vandenbrink's personal injury claim against Voneschen. See Fla. Stat. § 86.011. Vandenbrink received medical payment benefits from State Farm that were subject to repayment after Vandenbrink was "made whole." State Farm notified Vandenbrink that it intended to seek reimbursement if she were made whole, but State Farm did not take any action to collect its payments and later disclaimed any present intent to obtain any of the proceeds of Vandenbrink's settlement. Because Vandenbrink's complaint presents a controversy not ripe for judicial review, we vacate the order that dismissed her complaint for failure to state a claim and remand with instructions to dismiss for lack of subject matter jurisdiction.

Vandenbrink was injured in an automobile accident caused by Voneschen. Vandenbrink paid some of her medical expenses using medical payment benefits

2

disbursed by State Farm.  Voneschen's insurance company refused to settle, and Vandenbrink sued Voneschen.

State Farm notified Vandenbrink's attorney that it intended to seek reimbursement if Voneschen fully compensated Vandenbrink for her losses.  On August 3, 2011, State Farm sent Vandenbrink a letter stating that it "intend[ed] to pursue a subrogation claim for . . . Medical Payments Coverage in the amount of $6,584.50."  On March 7, 2012, State Farm sent Vandenbrink a second letter stating that it "intend[ed] to seek recovery for the [$8,509.54] paid under the Medical Payments Coverage (MPC) portion of the policy as allowed under Florida Sources Statute 768.76."  The March letter stated that State Farm "underst[ood] that [its] right to recovery [was] contingent upon [Vandenbrink] being made whole by the settlement . . .  negotiate[d] with the tortfeasor or [his] insurance carrier."

Vandenbrink settled her dispute with Voneschen, paid her attorney's fees and outstanding medical bills, and deposited the remainder in a trust account. Vandenbrink amended her complaint against Voneschen to add a putative class action against State Farm, and State Farm removed the amended complaint to the district court.  Later, Vandenbrink filed a second amended complaint that added new claims against State Farm and named Richard Berg as a co-plaintiff.  The

3

district court dismissed the second amended complaint and allowed Vandenbrink to replead.

Vandenbrink filed a third amended complaint that requested, on behalf of herself and other similarly situated residents of Florida, a declaration under the Florida Declaratory Judgment Act that State Farm was "not entitled to seek reimbursement or subrogation for  medical benefits [it had] paid." See Fla. Stat. § 86.011.  Vandenbrink alleged that she "[had] not [been] made whole because she did not recover the full value of her case, which, at a minimum, was at least $40,000" and that State Farm knew it "had no right to [seek reimbursement or subrogation for medical benefits it had paid] if [Vandenbrink] had not been made whole."  Vandenbrink also alleged that State Farm had "pressed its standard and commonly followed practice and course of conduct seeking reimbursement or subrogation," as revealed in its letters dated August 3, 2011, and March 7, 2012.

State Farm moved to dismiss Vandenbrink's third amended complaint for lack of subject matter jurisdiction and failure to state a claim, see Fed. R. Civ. P. 12(b)(1), (b)(6), and to strike her request for class certification, see Fed. R. Civ. P. 23(d)(1)(D).  State Farm argued that Vandenbrink's allegations were inadequate to "support a claim for declaratory relief."  State Farm argued that "no controversy or doubts [existed] as to the rights of the parties because the Policy complies with [the

4

requirement under] Florida law . . . [that there was no right of reimbursement until an insured was made whole] and because State Farm [had] not taken any action contrary to the Policy."

The district court ruled that Vandenbrink had standing to seek a declaratory judgment because she risked injury "if State Farm pursue[d] its subrogation claim before Vandenbrink [was] made whole," but that she had failed to state a claim that she faced an imminent injury as required under the Declaratory Judgment Act. The district court ruled that the complaint failed to allege a "present controversy about" the right of State Farm to reimbursement when the parties agreed that "any subrogation right [was] subject to [Vandenbrink] being 'made whole by the settlement negotiated'" with Voneschen. The district court also ruled that Vandenbrink failed to "sufficiently allege that an actual need for [a] declaration is imminent because she did not allege that she [had] paid any money to State Farm, that State Farm actually [had] received a portion of [Vandenbrink's] settlement from [Voneschen], or that State Farm [had] initiated any action against [Vandenbrink] seeking to recover payments." The district court dismissed Vandenbrink's third amended complaint and dismissed as moot the motion to strike her request for class certification.

5

We review de novo issues involving subject matter jurisdiction.  See Digital Props., Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997).  The jurisdiction of the federal courts is limited to actual cases and controversies. "Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review."  Id.  For a controversy to be ripe for review, "the complained-of injury must be immediate or imminently threatened."  Wilderness Soc'y v. Alcock, 83 F.3d 386, 390 (11th Cir. 1996).  In other words, it must be "the correct time for the complainant to bring the action."  Id.

The district court lacked jurisdiction to adjudicate Vandenbrink's third amended complaint because she did not face an "injury imminent enough for purposes of judicial decisionmaking."  See id. at 390.  State Farm asserted a right to reimbursement, but it also acknowledged that it could not recover its medical payments until Vandenbrink was "made whole" for her injuries.  See Schonau v. GEICO Gen. Ins. Co., 903 So. 2d 285, 287 (Fla. Dist. Ct. App. 2005).  State Farm has not exercised its right to reimbursement since Vandenbrink collected her settlement proceeds, and State Farm avows that it "does not seek recovery of [the] funds" that Vandenbrink placed in a trust account.  Because Vanderbrink does not face even the threat of an injury, her complaint is nonjusticiable.

6

We **VACATE** the order that dismissed Vandenbrink's third amended complaint for failure to state a claim and **REMAND** with instructions for the district court to dismiss the complaint for lack of subject matter jurisdiction.