[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14621
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23127-WJZ

JACKLYN MANYOMA,
individually and on behalf of a class of
persons similarly situated,

                                        Plaintiff - Appellant,

versus

BANK OF NEW YORK,
as trustee for the certificate holders CWALT, Inc.,
Alternatives Loan Trust 2006-OC1 Mortgage Pass-Through Certificates,
DECISION ONE MORTGAGE COMPANY, LLC,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
as nominee for Decision One Mortgage Systems, LLC,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 26, 2018)

Before ROSENBAUM, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jaclyn Manyoma seeks declaratory relief to prevent Bank of New York ("BONY") from foreclosing on her home, arguing that because more than five years have passed since BONY accelerated her debt, Florida's five-year statute of limitations bars any future action by BONY to seek payment under the loan or foreclose on her home.  BONY asserts that Manyoma is not entitled to declaratory relief because the loan was decelerated when its foreclosure action against Manyoma was dismissed.  We previously stayed this case pending the Supreme Court of Florida's resolution of a case presenting the same legal issue.  That Court has now spoken.  Applying its ruling, we conclude that when BONY's prior foreclosure action was dismissed, the dismissal had the effect of decelerating Manyoma's payment obligations under the note and mortgage, restoring the parties' initial contractual relationship.  As such, the statute of limitations does not bar BONY from seeking payment on the loan or foreclosing on Manyoma's home. We affirm the district court's judgment dismissing Manyoma's claims.

## I.    BACKGROUND

Manyoma obtained a loan from Decision One Mortgage, LLC to purchase a home in Miami, Florida.  The note required Manyoma to repay the loan in monthly installments by November 1, 2035.  To secure the note, Manyoma executed a

mortgage on the property, which Decision One later assigned to BONY. The mortgage contained an optional acceleration clause, allowing the lender to accelerate all amounts due and foreclose in the event of a default.

Manyoma defaulted in November 2007. In April 2008, BONY initiated a foreclosure action in state court. In its complaint, BONY stated that it was exercising its rights under the acceleration clause and declared the entire amount owed under the loan due. After BONY failed to appear at a case management conference, the state court dismissed the foreclosure action without prejudice. To this day, Manyoma continues to reside in the home.

In July 2013, Manyoma filed a class action suit against BONY and others in state court. Manyoma asserted that the limitations period for BONY to enforce the note or bring a foreclosure action had expired because the limitations period began to run either when Manyoma defaulted or when BONY filed the foreclosure action and declared the loan accelerated. She thus sought a declaratory judgment extinguishing the note and mortgage and also quieting title to the property.

BONY removed the case to federal court and moved to dismiss. The district court granted the motion and dismissed Manyoma's complaint. Manyoma timely appealed. After she filed her initial brief, we stayed the appeal pending the Supreme Court of Florida's resolution of *Bartram v. U.S. Bank National Ass'n*, SC14-1265. After *Bartram* was decided, we lifted the stay and ordered BONY to

3

file a response brief.  Manyoma's counsel moved to withdraw, and we granted the motion.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's dismissal of a complaint, accepting as true all material allegations in the complaint and construing the complaint in the plaintiff's favor.  *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of Treasury*, 773 F.3d 243, 245 (11th Cir. 2014).  We may affirm the district court for any reason the record supports, even one that the district court did not rely on. *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 778 n.3 (11th Cir. 2002).

## III.    LEGAL ANALYSIS

Florida has a five-year statute of limitations for "action[s] on a contract, obligation, or liability founded on a written instrument," or "to foreclose a mortgage."  Fla. Stat. § 95.11(2)(b), (c).  Manyoma argues that the statute of limitations began running as to the entirety of the loan—and so bars BONY from foreclosing now—in November 2007 when she defaulted or in April 2008 when BONY declared the loan accelerated in its complaint in the foreclosure action. BONY asserts that the statute of limitations has not run because the dismissal of the foreclosure action, in which it declared the debt accelerated, had the effect of

4

decelerating Manyoma's payment obligations under the note and mortgage and thus restored the parties' initial contractual relationship.[1]

In *Bartram*, the Florida Supreme Court addressed the effect of a dismissal of a foreclosure action in which a lender exercised its option to accelerate a debt:

> [T]he statute of limitations on the balance under the note and mortgage [does] not continue to run after an involuntary dismissal [of a foreclosure action], and thus the mortgagee [is] not [ ] barred by the statute of limitations from filing a successive foreclosure action premised on a separate and distinct default. Rather, after the dismissal, the parties are simply placed back in the same contractual relationship as before, where the residential mortgage remained an installment loan, and the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked.

211 So. 3d 1009, 1019 (Fla. 2016) (internal quotation marks omitted). This is so "regardless of whether that dismissal was entered with or without prejudice." *Id.* at 1020.

---

[1] BONY argues that we should not reach the merits of Manyoma's claims because we lack subject matter jurisdiction over Manyoma's suit as the controversy is not ripe. BONY asserts that there is no live controversy between the parties because it has not filed a second foreclosure proceeding, and Manyoma has failed to show that BONY will file such an action in the future. We disagree.

Of course, a federal court lacks subject matter jurisdiction when a claim is not ripe. *See Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) . To determine whether a claim is ripe for adjudication, we look at the fitness of the issues for judicial decision and the hardship to the parties from withholding court consideration. *Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014). Regardless of whether BONY has filed or plans to file a second foreclosure action, the issues presented in the case are fit for review, and there will be a hardship to Manyoma absent judicial review given that she seeks a declaration that BONY is time barred from seeking any payment on the debt while BONY contends that she still has an obligation to make monthly installment payments. Stated differently, there is a live controversy about whether Manyoma continues to have an obligation to make monthly installment payments to BONY.

Applying *Bartram* to the facts of this case, we conclude that the statute of limitations did not continue to run after the state court dismissed BONY's foreclosure action because the dismissal in effect revoked the bank's declaration that the mortgage had been accelerated. That is, the parties were placed back in the same contractual relationship as before with the residential mortgage as an installment loan. We thus cannot say that the statute of limitations bars BONY from enforcing the mortgage or from foreclosing on the property based on a separate and distinct default. As such, the district court properly dismissed Manyoma's claims seeking declarations that BONY was barred from enforcing the note or foreclosing on the mortgage because the note and mortgage remain enforceable, meaning her claims fail as a matter of law. Because the mortgage remains enforceable, Manyoma also failed to allege an invalid cloud on her title, meaning her claim seeking to quiet title on her property was properly dismissed.

## IV. CONCLUSION

For the reasons set forth above, we affirm the district court's judgment.

**AFFIRMED.**

6