[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13610

Non-Argument Calendar

_____

VICTORY MEDIA GROUP, LLC,

Plaintiff-Appellant,

*versus*

CITY OF ROSWELL, GEORGIA,
DIRECTOR OF PLANNING AND ZONING,

CITY OF ROSWELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

2                 Opinion of the Court                 23-13610

D.C. Docket No. 1:22-cv-00897-SDG

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Victory Media Group, LLC (Victory") appeals the district court's grant of the motion for summary judgment in favor of the City of Roswell and the Director of Planning and Zoning for the City ("Defendants"). On appeal, Victory argues that the district court erred when it found that Victory's claims were not ripe and when it dismissed with prejudice and without discussion Victory's state law claims. Because we write only for the parties, we include only those facts necessary to understand this opinion.

The district court recounted the following facts underlying the lawsuit:

On November 22, 2021, Victory, through its representatives Steve Galberaith and Beth Perkins, met with employees of the City regarding sign permit applications for both commercial and public interest signs. Victory's representatives were prepared to pay the filing fee and turn over the application materials.

During the meeting, City staff reviewed the documents and handwrote at the top of each application "Not an allowed sign type per UDC [the City's zoning ordinance] 10.3." City staff did not input the applications into their computer system, did not

accept payment of an application fee, and did not take possession of the paper copies of the application packets. The parties vigorously dispute the import of what happened at the meeting.

The City contends that the meeting did not constitute a submission or denial of the applications. To the contrary, Victory's position is that its applications were accepted, processed, and denied during the meeting. Consistent with its position, Victory filed an administrative appeal pursuant to UDC § 13.12.1 on December 21, 2021. This "appeal" was denied by the City Attorney in a December 27 letter, explaining that because there had been no application, there was nothing to appeal. According to the letter, during the subject meeting the City's staff had simply "informed [Plaintiff] that the applications were for signs that were not permitted by the UDC" but "never denied or rejected" the applications.

This suit was subsequently filed on January 25, 2022. Victory alleges multiple state and federal law deficiencies within the UDC and seeks equitable and monetary relief, including attorney's fees. Section 10.3 was repealed on August 22, 2022.

Doc. 30 at 2-4. In its order, the district court held that, taking the facts as Victory alleged them, because Victory never applied for the

sign permits, its claims based on their purported denials were not ripe.

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Thai Meditation Ass'n of Alabama, Inc. v. City of Mobile, Alabama*, 83 F.4th 922, 926 (11th Cir. 2023).

The jurisdiction of federal courts is limited. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1338 (11th Cir. 2005). Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evince a ripeness for review. *See* U.S. Const. art. III, § 2, cl. 1; *see also Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 759 (11th Cir. 1991). "Even when the constitutional minimum has been met, however, prudential considerations may still counsel judicial restraint." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (quoting *Action Alliance of Senior Citizens v. Heckler*, 789 F.2d 931, 940 n. 12 (D.C. Cir. 1986)).

The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes. *Id.* In determining ripeness, the court looks at "(l) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Id.* Issues are ripe if the plaintiff shows that it "'has sustained or is immediate danger of sustaining, a direct injury'" as a result of a governmental act. *Id.* (quoting *Hallandale Prof'l Fire Fighters*, 922 F.2d at 760). Further, to determine if an issue is ripe, "we ask whether

the parties raise an issue that we can decide without further factual development and whether the institutional interests of the court and agency favor immediate review." *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1380 (11th Cir. 2019).

We have noted that the doctrine protects courts from providing speculative decisions and abusing their roles in government. *Nat'l Advert. Co.*, 402 F.3d at 1339. The doctrine also protects other branches from "judicial meddling:" one of the rationales for the doctrine is "to protect the [administrative] agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Digital Properties*, 121 F.3d at 590.

The district court here relied on three cases. In the first, *Digital Properties*, this Court held that the claims were not ripe because the plaintiffs had merely talked to an assistant zoning technician, not the supervisor, and had not received a formal denial of their zoning application. The technician had told the plaintiff's representatives that the city did not allow the use they proposed and refused to accept the proffered plans. She also told them that they should speak to her supervisor, "in part because the scope of her job did not encompass accepting building plans over the counter." 121 F.3d at 589. The representatives did not ask to speak to the supervisor and instead left, later filing suit, challenging the city's zoning ordinance. We stated that "[i]n order for the city to have 'applied' the ordinance to Digital, a city official with sufficient authority must have rendered a decision regarding Digital's

proposal." *Id.* at 590.  Thus, "[w]ithout the presentation of a binding conclusive administrative decision, no tangible controversy exists" and we had no authority to act.  *Id.*

In the second case, *National Advertising*, the plaintiff sought to build several billboards on commercial property in the defendant city.  When the plaintiff sought permits, the zoning clerks did not issue them, stating that the proposed signs exceeded the zoning ordinance's height strictures.  402 F.3d at 1338.  Plaintiff brought suit, challenging the ordinance.  We held that the failure to receive a final, written denial of the application meant that the claim was not ripe:

> National failed to demonstrate that their application was conclusively denied. A zoning clerk's verbal statement or written notation on National's application that its proposed billboards were "too tall" or "in the wrong zone" is not conclusive evidence of a denial and does not amount to evidence of a dispute of "sufficient concreteness" for judicial review.

*Id.* at 1340.  We noted that the failure to obtain a final decision, and the parties' various arguments surrounding why the permits were denied and how the plaintiff could have pursued a number of administrative options, demonstrate precisely that the court is "incapable of determining if, let alone why, National's applications were denied." *Id.* at 1340-41.  Without that important information, review was impossible.  *Id.* at 1341.

Finally, the district court looked at a case where we held, given the subject matter of the signs, the case was ripe. In *Beaulieu*

*v. City of Alabaster*, 454 F.3d 1219 (11th Cir. 2006), the plaintiff challenged the city's sign ordinance after she received a written notice of violation of the ordinance from the defendant city's code enforcement officer because she had erected a political sign at her place of business. The warning stated that her political sign was only allowed in residential areas. Plaintiff filed suit for a declaratory judgment and injunctive relief, arguing that the ordinance was a content-based regulation that favored commercial speech over non-commercial speech. The defendant city argued that the plaintiff's suit was not ripe because she had bypassed the defendant's administrative appeals process and failed to show that that process would have harmed her and because she improperly relied on statements from the enforcement officer and did not obtain a conclusive response by someone who could speak for the city. 454 F.3d at 1226. We rejected those arguments. Noting that this case involved a First Amendment claim, which is entitled to a looser application of the ripeness doctrine, we distinguished both *National Advertising* and *Digital Properties*. *Id*. at 1228-30. First, neither of those cases dealt with core political speech—*National Advertising* dealt with commercial speech while *Digital Properties* involved speech of a sexually explicit nature. *Id*. at 1228. Then we pointed to the notice received by the plaintiffs—plaintiff in *Beaulieu* received a written notice of violation as compared to a verbal statement or a written notation on a permit application that the plaintiffs in Digital Properties and National Advertising received. *Id*. at 1230. The written notice came from the defendant city's designated code enforcer and clearly stated which part of the code she had purportedly violated.

*Id.* "The notice was sufficiently conclusive and authoritative to meet the first prong of the ripeness test." *Id.*

We agree with the district court that this case is not ripe. Like the plaintiffs in *National Advertising* and *Digital Properties*, Victory did not receive a "notice [that] was sufficiently conclusive and authoritative." *Id.* Instead, a city staff member at the zoning office verbally advised Victory's representatives about problems with the signs and ultimately wrote on the top of each of Victory's proposals that the signs were not allowed "per UDC 10.3." The applications were never signed by any member of the zoning office staff; on each of Victory's proposed applications, the line for a signature either approving or denying the application is left blank. Finally, Victory's application fee checks were never cashed.

UDC 10.3 is the entire section of the City code that covers signs. It is a long and comprehensive series of regulations; reference to this provision does not provide any indication of why the signs might not be approved. Indeed, the notation on the top of Victory's proposed applications—not allowed under UDC 10.3—is far more vague than the "too tall" note in *National Advertising*. In other words, this was an informal communication that does not provide the key information a reviewing court would need to decide this case.[1] This is not an issue "that we can decide without

---

[1] Further, because there is no formal denial or a statement from a person with authority to speak for the City about why the proposed signs fell afoul of the UDC (even on the handwritten notation), Victory's arguments based on the content of their signs fail.

further factual development." *Club Madonna,* 924 F.3d at 1380.  Victory could have insisted that the City formally deny the applications.  It did not. [2]  This case is very much like *National Advertising*; as in that case, this case is not ripe. [3]

Because the substance of the district court's ripeness analysis applies with equal force to Victory's state law claims, we also reject its challenge to the district court's dismissal of those claims without expressly discussing Georgia ripeness law.  Like federal courts, Georgia courts require the existence of an actual controversy.  In *Cheeks v. Miller*, 262 Ga. 687, 425 S.E.2d 278, 279 (Ga. 1993), the Georgia Supreme Court likened the requirement to the federal doctrine of ripeness.  Under this doctrine, "the controversy is justiciable when it is definite and concrete." *Id.*  With respect to ripeness under Georgia law, Georgia courts have said, "[a]s a general rule, before seeking a judicial determination that a local regulation

---

[2] To the extent that Victory challenges the district court's statement that Victory's representatives should have known that they had not received a final decision, we agree with the district court that the lack of submitted and accepted applications and fees as well as the lack of signed denials would signal to anyone that an appealable decision had not been rendered.  This is especially so for Victory's representatives, who had decades of experience in the field between them.

[3] We also agree with the district court that the only hardship that Victory will suffer by not being able to bring the lawsuit is the lost chance of a favorable judgment because the code has been amended in such a way as to cure deficiencies in the previous code version, as conceded by Victory at the hearing on the motion for summary judgment.  This is not enough to render the case ripe.

is unconstitutional as applied to its property, a party must first apply to local authorities for relief." *City of Suwanee v. Settles Bridge Farm, LLC*, 292 Ga. 434, 437, 738 S.E.2d 597, 599 (2013).  The *Settles Bridge Farm* court also said: "[r]equiring exhaustion of administrative remedies "prevents unnecessary judicial intervention into local affairs and promotes judicial economy because [local authorities], unlike the court, have the power to grant the [zoning] relief sought." *Id.* (internal quotations and citations omitted).

Here, it is obvious that the district court dismissed the entire case because it was not ripe.  Although a discussion of the Georgia law of ripeness might have been desirable,[4] the intent is clear and it would be a waste of judicial resources to remand.  Because all of the claims were not ripe because the applications were never conclusively denied, the district court did not err when it granted the Defendants' motion for summary judgment on the basis of ripeness.

AFFIRMED.[5]

---

[4] We need not actually decide whether Georgia ripeness law or federal law should govern the ripeness of a state law claim in federal court.

[5] Because we hold that the claims are not ripe, we decline to reach the alternative rationales for dismissing put forth by the Defendants.