(840 P.2d 553)

No. 67,594

RAE ANN SRAMEK, *Appellee,* v. PAUL LOUIS SRAMEK, JR., *Appellant.*

Opin-ion filed November 6, 1992.

*Robert S. Tomassi,* of Loy, Loy & Tomassi P.A., of Pittsburg, for appellant.

*Randel L. Messner,* staff attorney, and *David N. Sutton,* Chief of Litigation, of Kansas Department of Social and Rehabilitation Services, for appellee.

Before GERNON, P.J., RULON, J., and RICHARD W. WAHL, District Judge Retired, assigned.

GERNON, J.: In this appeal, the Crawford County District Court ruled in favor of the Kansas Department of Social and Rehabilitation Services (SRS) as assignee for Rae Ann Sramek for past due child support. The district court ruled that the court's previous order of September 17, 1984, was a valid and enforceable order and could be revived by the court's decision of May 1991. A detailed procedural history is necessary for a full understanding of our holding here.

Rae and Paul Sramek were divorced in 1973, with Rae being given custody of the parties' minor son. Paul was ordered to pay $25 per week in child support.

Paul paid child support until sometime in late 1977 or early 1978, when he quit paying entirely.

In September of 1984, the district court conducted a hearing, at which it found it had original jurisdiction of the parties, that legal service had been obtained upon Paul by certified mail on August 29, 1984, pursuant to K.S.A. 60-307(c), and that Paul was in contempt of court for failure to pay child support. The court ruled that Rae was entitled to $8,083 in past due child support plus accrued interest at 14% per annum. The journal entry of this hearing, filed September 20, 1984, states that Paul did not appear in person or through counsel.

Eventually, Rae, through necessity, came in contact with SRS. SRS became her assignee so far as the child support payments were concerned and filed a motion for revivor in April 1990. After a hearing on the motion, the court filed its decision on May 7, 1991, noting that the parties had "stipulated" that, as of September 17, 1984, $8,083 was due and that no payments, other than two $25 payments made to the court in June of 1990, had been paid. The court ruled that the citation of contempt was essentially an aid in execution and, therefore, served as a tolling event to any judgments that were not dormant. The court found that Rae could revive the judgment and awarded her $4,914 in unpaid nondormant judgment for child support plus interest at the rate of 14% per annum.

On May 24, 1991, SRS filed a motion to determine postjudgment interest. Paul then filed a motion to alter or amend judgment on June 20, 1991.

In November of 1991, a hearing was conducted on the motions of both parties. The court ruled that Paul's motion to alter or amend judgment was filed out of time and dismissed the motion. The court also found that its earlier ruling that the order of contempt served as an aid in execution, thereby tolling the dormancy of past child support payments, was in error. However, based on the court's reading of *Cyr v. Cyr,* 249 Kan. 94, 815 P.2d 97 (1991), it ruled that the order of September 17, 1984, was a valid judgment that could be revived and was so revived by the court's May 7, 1991, order.

Paul timely appeals.

## Void Judgment

Paul argues that he was not served notice of the proceeding in contempt pursuant to K.S.A. 20-1204a, and, therefore, the court lacked jurisdiction and the order is void. He argues that, if that judgment was void, the court's revivor order filed in 1991 could not revive a void judgment and, therefore, is also void. We agree.

K.S.A. 20-1204a(b) reads in relevant part: "Except as provided in subsection (e), the order to appear and show cause shall be served upon the party allegedly in contempt by the sheriff or some other person appointed by the court for such purpose." In the instant case, the memorandum decision shows that the order to appear was mailed to Paul.

In *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, Syl. ¶ 7, 673 P.2d 1126 (1983), the Kansas Supreme Court ruled:

"The statutory direction for finding one in contempt in this case is found in K.S.A. 20-1201 *et seq.* The procedure followed to obtain valid service must conform with that procedure prescribed in Chapter 20 of the Kansas Statutes Annotated. Process to bring the accused before the court must be served by the sheriff or some other person appointed by the court for that purpose. Where the accused has not waived the service requirement of K.S.A. 20-1204a(b), the court is without jurisdiction to proceed."

In *Cyr*, the court ruled that "[t]he power to punish for contempt of court does not arise from legislative action, but is inherent in the court itself. [Citation omitted.] The procedure for holding a party in indirect contempt, however, is set forth by statute and must be strictly construed against the movant. [Citations omitted.]" 249 Kan. at 99. The court, in *Cyr*, ruled that citations in contempt were not proceedings which kept judgments for unpaid child support alive. 249 Kan. at 100.

Clearly, then, unless Paul waived his right to service of process, the court lacked jurisdiction; and every order flowing from that proceeding is void.

"The failure to properly serve parties in interest deprives the court of personal jurisdiction of the unserved parties." *Ford v. Willits*, 9 Kan. App. 2d 735, Syl. ¶ 4, 688 P.2d 1230 (1984), *aff'd* 237 Kan. 13, 697 P.2d 834 (1985).

"A judgment is void if the court that rendered it lacked jurisdiction of the parties, or if its actions resulted in a denial of due process." 9 Kan. App. 2d 735, Syl. ¶ 5. "A judgment that is void for lack of due process may be set aside at any time." 9 Kan. App. 2d 735, Syl. ¶ 6. "Further, knowledge of the pendency of an action has no effect on a void judgment." 9 Kan. App. 2d at 744.

We conclude, therefore, that the judgment entered on September 17, 1984, is void.

SRS contends that no notice was required for the court to enter an order regarding past due child support, citing *Riney v. Riney*, 205 Kan. 671, 473 P.2d 77 (1970). The *Riney* court held that, when a plaintiff files a motion to revive dormant past-due child support installments, service by publication is sufficient to satisfy due process requirements for notifying the out-of-state father, even when the father had no actual notice and did not appear at the hearing. 205 Kan. 671, Syl. ¶ 6.

SRS assertions concerning the applicability of *Riney* to this case are misplaced. *Riney* was a revivor case. The initial proceeding here was in the nature of a citation in contempt. They are simply different actions. The courts have stated that contempt citations are to be construed strictly against the movant. Therefore, *Riney* is distinguishable from both the facts in the present case and the nature of the initial proceeding.

The question then becomes, if the initial order was void, can it be revived?

Although Paul apparently failed to raise the jurisdictional issue at the district court level, we may set aside a void judgment at any time. *Ford v. Willits*, 9 Kan. App. 2d 735, Syl. ¶ 6.

### Acquiescence

SRS argues that, by making two payments totaling $820 in 1992, Paul has acquiesced in the judgment and should be barred from challenging the judgment on appeal. This raises the interesting question of whether a party can acquiesce in a void judgment.

The court further noted, in its May 1991 decision, that Paul had made two payments of $25 each in 1990. In addition, he had paid another $200 in 1984.

"Acquiescence in a judgment cuts off the right of appellate review. The gist of acquiescence sufficient to cut off a right to appeal is voluntary compliance with the judgment. In order for an appellate court to hold that a party has acquiesced in a judgment, it must be shown that the appellant has either assumed burdens or accepted benefits of the judgment contested in the appeal." *Younger v. Mitchell*, 245 Kan. 204, Syl. ¶ 1, 777 P.2d 789 (1989).

There are no Kansas cases dealing with acquiescence in a void judgment.

In *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58, Syl. ¶ 5, 671 P.2d 1126 (1983), this court stated: "Filing a motion to set aside a default judgment on the basis of improper service of process under K.S.A. 60-260(b) does not show that the payment of a judgment was involuntary."

Here, although Paul made four payments after the citation in contempt was issued in 1984, these payments were made after the order holding him in contempt was issued in 1984 and after SRS had filed its motion to revive in April 1990, but prior to the court's decision in May 1991 granting SRS' motion. The issue of whether these payments are voluntary still begs the issue of whether these voluntary payments amount to acquiescence to the point that the entire amount of back child support becomes a judgment. We think not.

We conclude, based on our reading of cases from other jurisdictions, that a void judgment is an absolute nullity and may be ignored or disregarded, vacated on motion, or attacked on habeas corpus. See *In Re Steele*, 220 N.C. 685, 689, 18 S.E.2d 132 (1942).

Given that the judgment here, which is the basis of all further actions, is a nullity, it follows that the later actions have no basis and may, therefore, be disregarded.

Reversed.