A04A0732. KENT v. A. O. WHITE, JR., CONSULTING ENGINEER, P.C.
(598 SE2d 113)

RUFFIN, Presiding Judge.

This is the fifth time this case has been in this Court. This time, L. B. Kent appeals from an order finding him in civil contempt for failing to answer post-judgment interrogatories after being ordered to do so by the trial court. Kent contends the trial court lacked jurisdiction to impose a contempt penalty against him because the underlying judgment was void. We affirm and also impose a frivolous appeal penalty of $1,000 against Kent pursuant to Court of Appeals Rule 15 (b).

Kent contends the underlying judgment is void based upon a satisfied fieri facias on a portion of a judgment obtained by White. In order to explain why this argument and appeal are frivolous, we must first outline the history of this case and Kent's previous appeals.

White sued Kent, an attorney,[1] for failing to pay him as agreed for expert witness services.[2] A jury returned a verdict in White's favor for

---

[6] *Setser v. State,* 233 Ga. App. 822, 825 (2) (505 SE2d 798) (1998).

[1] Although an attorney, Kent is currently suspended from the practice of law. *In the Matter of L. B. Kent,* 277 Ga. 27 (585 SE2d 878) (2003).

[2] See *Kent v. A. O. White, Jr., Consulting Engineer, P.C.,* 238 Ga. App. 792 (520 SE2d 481) (1999) (*Kent I* ).

breach of contract, fraud, punitive damages, and attorney fees.[3] On appeal in *Kent I*, we affirmed the breach of contract award in the amount of $18,407.75 and "the findings of liability for fraud, punitive damages, and attorney fees."[4] We reversed, however, the amount of damages awarded for fraud, punitive damages, and attorney fees and remanded for a new trial on this portion of the damages award.[5]

When the case was retried, the jury awarded fraud damages in the amount of $18,407.75 and punitive damages in the amount of $750,000, which the trial court reduced to $250,000.[6] The trial court eliminated the possibility of double recovery by White by off-setting the previous contract damages award against the fraud award in the same amount for the same damages (unpaid expert witness fees).[7]

In his appeal of the second judgment in *Kent II*, supra, Kent argued that a satisfied fieri facias issued on the breach of contract damages, which was affirmed in *Kent I*, supra, constituted an election of remedies by White, precluding an award of punitive damages based on fraud. We rejected this argument because Kent failed to preserve the issue of election of remedies before judgment and thus could not raise the issue for the first time on appeal.[8] Kent did not argue in *Kent II* that the judgment in the second trial was void.[9] After considering all of the issues raised by Kent, we reduced the jury's $250,000 punitive damages award to $85,964.19.[10]

When the case was remanded to the trial court, it entered a second judgment in the amount of $140,329.99 for punitive damages, expenses of litigation, and post-judgment interest. White filed discovery seeking information about Kent's finances and filed a motion to compel after receiving inadequate responses from Kent. The trial court granted White's motion to compel,[11] and when Kent continued to withhold the compelled discovery information, it found him in contempt.

---

[3] See id.

[4] Id. at 796 (7).

[5] See id.

[6] See *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 249 Ga. App. 893, 896 (2) (b) (553 SE2d 1) (2001) (*Kent II*). See also *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 253 Ga. App. 492 (559 SE2d 731) (2002) (*Kent III*), overruled in part, *Time Warner Entertainment Co. v. Six Flags Over Ga.*, 254 Ga. App. 598 (563 SE2d 178) (2002).

[7] See *Kent II*, supra at 897 (2) (c).

[8] See id.

[9] See id.

[10] See *Kent III*, supra at 503.

[11] Kent appealed this order, and we dismissed his appeal and imposed a frivolous appeal penalty in the amount of $1,000. Kent then appealed to the Supreme Court, which not only denied his petition, but also awarded a frivolous appeal penalty in the amount of $500.

Kent now appeals this contempt order, asserting that the trial court lacked authority to find him in contempt because the second judgment is void. According to Kent, the second judgment is rendered void because he paid and satisfied the first judgment for breach of contract damages. Kent does not assert the judgment is void based on the election of remedies argument he raised in *Kent II*, supra. Instead, he contends the trial court somehow lacked personal and subject matter jurisdiction based on his satisfaction of the first judgment.

We find no merit in this argument and impose a $1,000 penalty for frivolous appeal under Court of Appeals Rule 15 (b). Initially, we note that Kent has paid only a portion of the judgment against him, and he cites no authority for the proposition that partial payment terminates litigation. Thus, his contention that he satisfied the judgment is not well taken. Moreover, Kent's failure to raise this issue in his prior direct appeals precludes our review.

> Although OCGA § 9-11-60 (a) allows a judgment void on its face[12] to be attacked in any court, the application of that principle is limited by the law of the case rule, which provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h).[13]

As the first judgment was satisfied at the time of *Kent II*, supra, and Kent did not assert that such satisfaction rendered the second judgment void, he cannot raise this issue now. All issues which were or could have been raised in a prior appeal will not be considered in a subsequent appeal in the same case.[14] As the Supreme Court has held,

> [n]o party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes

---

[12] "Void on its face" means a judgment rendered by a court that lacked personal or subject matter jurisdiction. See *Mary A. Stearns, P.C. v. Williams-Murphy*, 263 Ga. App. 239, 245 (4) (587 SE2d 247) (2003).

[13] *Henderson v. Justice*, 237 Ga. App. 284, 288 (2) (514 SE2d 713) (1999) (physical precedent only).

[14] See *Lowe v. City of Atlanta*, 194 Ga. 317 (21 SE2d 171) (1942).

hold upon. . . . He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war.[15]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 7, 2004 —

*L. B. Kent*, pro se.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree*, for appellee.

---

[15] (Punctuation omitted.) *R. O. A. Motors v. Taylor*, 220 Ga. 122, 127 (2) (137 SE2d 459) (1964).