NOT DESIGNATED FOR PUBLICATION

No. 113,213

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOE KARHOFF,
*Appellee,*

v.

TONY SAVAGE,
*Appellant.*


MEMORANDUM OPINION

Appeal from Miami District Court; STEVEN C. MONTGOMERY, judge. Opinion filed October 23, 2015. Reversed and remanded.

*Ronald E. Sandhaus*, of Sandhaus & Mandelbaum, LLC, of Leawood, for appellant.

*John A. Wilson*, of Garnett, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*:  Tony Savage appeals the denial of his motion to set aside a garnishment in case No. 11-LM-223. We find the garnishment was issued on a judgment that was no longer valid because another district court judge previously dismissed Joe Karhoff's cause of action on appeal for failure to prosecute, leaving no judgment to support the issuance of a garnishment.  Savage's motion to set aside the garnishment should have been granted. Reversed and remanded.

1

Joe Karhoff filed limited action case No. 11-LM-223, alleging Savage owed him $17,780 for labor, equipment, and business loans related to various construction projects. Savage answered and counterclaimed for $5,425. Following a bench trial before a magistrate judge, judgment was entered for Karhoff. Savage timely filed a notice of appeal.

Since the magistrate judge was not law trained, the appeal was directed to the district court and was docketed as case No. 11-CV-217. The district court held a case management conference setting out deadlines for discovery and motions for summary judgment, none of which were complied with. Eventually, the district court scheduled the trial de novo for January 4, 2013. However, due to a conflict, the district court rescheduled the trial de novo for April 5, 2013.

Two days before trial, Savage moved to continue the trial, and the district court denied his motion. At trial, both parties' counsel appeared, though neither party appeared personally. Savage's counsel renewed his motion to continue, and Karhoff's counsel opposed the motion to continue. After the district court denied Savage's renewed motion to continue, Karhoff's counsel then made an oral motion to continue the trial. The district court denied Karhoff's motion and dismissed the matter when Karhoff's counsel admitted he was not prepared to proceed.

The record reflects there was some confusion regarding who was to prepare the April 5, 2013, order of dismissal, and ultimately the district court filed an order of dismissal on November 19, 2013. The short order provided: "Now on this 5th day of April 2013, this matter comes before the court for trial. The Plaintiff, through counsel, advises he is not prepared to proceed to trial; the court declines to continue the same. The

2

matter is dismissed by the court." Karhoff did not appeal the district court's dismissal of the matter in case No. 11-CV-217.

On February 3, 2014, Karhoff refiled his petition as limited actions case No. 14-LM-34. Savage filed a motion to dismiss on March 5, 2014, arguing the claims were dismissed in case No. 11-LM-223 on appeal in case No. 11-CV-217 with prejudice, and res judicata applied. Another district court judge denied Savage's motion but dismissed 14-LM-34 because "the 11-LM-223 judgment remains valid and undisturbed."

Karhoff seized on the quoted passage and filed a garnishment in the original limited actions case, 11-LM-223. Savage objected and filed a motion to set aside the garnishment arguing there was no judgment to support the issuance of the garnishment since case No. 11-LM-223 had been dismissed when the appeal docketed in case No. 11-CV-217 was dismissed. The district court denied Savage's motion. Savage timely appealed the denial of his motion to set aside the garnishment.

ANALYSIS

*Is the judgment valid?*

Savage appeals the district court's denial of his motion to set aside the garnishment. Savage argues the limited actions judgment entered by the magistrate judge was void because on a de novo appeal to the district court, the district court dismissed the matter. If a judgment is void, it has no valid force and effect. *In re Adoption of J.H.G.*, 254 Kan. 780, 791, 869 P.2d 640 (1994). A void judgment may be attacked at any time. *Sramek v. Sramek*, 17 Kan. App. 2d 573, 576, 840 P.2d 553 (1992), *rev. denied* 252 Kan. 1093 (1993). In this case, determining whether the judgment was void requires a two-step approach. First, did the district court abuse its discretion when it denied both parties'

3

motions to continue and dismissed the matter because Karhoff was not ready to proceed? Secondly, did the district court intend to dismiss Karhoff's cause of action or Savage's appeal?

Here, there was a record of the proceeding before the magistrate judge. Judgments entered by a magistrate judge not admitted to practice law in Kansas are appealed to the district court judge for a trial de novo. K.S.A. 2014 Supp. 20-302b(c)(2); K.S.A. 2014 Supp. 60-2103a; K.S.A. 2014 Supp. 61-3902(a). An appeal to the district court for a trial de novo is an appeal to start over fresh as though the original trial before the magistrate judge never occurred. It matters not whether the appeal de novo is on the record created before the magistrate judge or that the trial is recreated by calling witnesses to testify. The district court judge is free to make his or her decision on the merits of the plaintiff's or defendant's claims. See *In re L.C.W.*, 42 Kan. App. 2d 293, 298, 211 P.3d 829 (2009).

The record indicates the parties treated the appeal to the district court as a trial de novo. The parties participated in a case management conference, set deadlines for Savage to complete discovery, and for Karhoff's motion for summary judgment. The parties also participated in two pretrial conferences. The procedural history of the record on appeal reflects the parties elected to proceed by trial de novo. The record does not indicate either party objected to the procedure used. Neither party appealed the district court's decision to conduct a trial de novo instead of on the record made before the magistrate judge. Neither party argues the district court erred in setting the trial for a trial de novo. In fact, at oral argument, Karhoff acknowledged the parties agreed to proceed with a trial de novo instead of on the record. In any event, neither party challenges on appeal the procedure used by the district court to process Savage's appeal, and an issue not briefed is deemed waived and abandoned. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). The parties have waived and abandoned this issue.

4

*No abuse of discretion by the district court.*

K.S.A. 2014 Supp. 60-240(b) permits the district court "[f]or good cause, the court may continue an action at any stage of the proceedings on just terms." Appellate courts review the district court's determination that a motion was or was not supported by "good cause" for an abuse of discretion. *Miller v. Glacier Development Co.*, 284 Kan. 476, 494, 161 P.3d 730 (2007), *cert. denied* 552 U.S. 1258 (2008). A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013), *cert. denied* 134 S. Ct. 162 (2013). District courts must take all of the circumstances into account when ruling on a motion for continuance, including the applicant's good faith, his or her showing of due diligence, and the lawsuit's timetable. *In re J.A.H.*, 285 Kan. 375, 385, 172 P.3d 1 (2007).

Here, the record is insufficient to show the district court abused its discretion by denying the parties' motions for continuance. Appellants have the burden to provide a record sufficient to support their arguments. *Nold v. Binyon*, 272 Kan. 87, 96, 31 P.3d 274 (2001). **A**ppellants are not required to provide a record sufficient to support their opponent's arguments. *Nold*, 272 Kan. at 96. Appellees have the opportunity to request additions to the record. *Nold*, 272 Kan. at 96. The appeal had been pending for nearly 21 months when the district court denied the parties' motions for continuance and ultimately dismissed the matter. The record does not contain Savage's motion for a continuance filed on April 3, 2013, or the order denying Savage's motion. Likewise, the record does not contain a transcript of the April 5, 2013, trial when Karhoff asked for a continuance. Without a sufficient record of the motions and hearing before the district court, we presume the district court actions were proper and find there was no abuse of discretion. See *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013) (without such a record, an appellate court presumes the action of the district court was proper).

*The district court intended to dismiss Karhoff's cause of action, not Savage's appeal.*

While Savage argues the district court judge intended to dismiss Karhoff's cause of action, Karhoff argues the order of dismissal is ambiguous because it dismissed the "matter" instead of the "case" or "appeal." Matter is defined as "1. A subject under consideration, esp. involving a dispute or litigation . . . 2. Something that is to be tried or proved; an allegation forming the basis of a claim or defense . . . 3. Any physical or tangible expression of a thought." Black's Law Dictionary 1126 (10th ed. 2014). This definition supports an interpretation of matter as Karhoff's cause of action instead of Savage's appeal.

The record also supports Savage's argument that the district court intended to dismiss Karhoff's cause of action. Directly under the case caption referring to Karhoff as the plaintiff, the order of dismissal indicates "the Plaintiff," as opposed to "the appellant," was not prepared to proceed to trial. In an order denying Karhoff's postdismissal motions, the district court indicated the matter was dismissed because "[t]he Plaintiff, through counsel, advises he is not prepared to proceed to trial." Furthermore, Karhoff initially interpreted the order of dismissal as dismissing his cause of action as shown by the fact he filed a second, identical petition after the dismissal. Based on the record, the district court clearly dismissed Karhoff's cause of action.

Finally, interpreting the order of dismissal as a dismissal of the appeal would lead to an illogical result. If the district court dismissed Savage's appeal because Karhoff was not ready to proceed at trial, Savage would have lost his appeal to the district court due to his opponent's actions. Interpreting the order of dismissal as a dismissal of the appeal would provide no incentive for a winning plaintiff to ever participate in an appeal to the district court. This, combined with the definition of "matter" and the evidence in the

6

record, reflects the district court dismissed Karhoff's cause of action instead of Savage's appeal.

*The district court erred when it denied Savage's motion to set aside the garnishment because the judgment was void.*

Based on the record provided by the parties, there is no evidence the district court abused its discretion when it denied Savage's motion for continuance 2 days before trial or when it denied Savage's motion for reconsideration and Karhoff's motion for continuance at trial. The record reflects the district court dismissed 11-CV-217 because Karhoff, as plaintiff, had the burden of proof and was not ready to proceed. Since judgment in 11-LM-223 was on appeal de novo to the district court and dismissed by the district court in case No. 11-CV-217, there was no valid judgment to support the issuance of a garnishment in case No. 11-LM-223. The district court erred when it denied Savage's motion to set aside the garnishment.

Reversed and remanded with instructions to set aside the garnishment as void.