No. 117,913

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
ROBERT M. GERLEMAN,
*Appellant*,

and

JEANNETTE M. GERLEMAN,
*Appellee*.

SYLLABUS BY THE COURT

1.

A judgment is void if the court that rendered it lacked jurisdiction of the parties, or if its actions resulted in a denial of due process.

2.

Since a judgment is either valid or void as a matter of law, appellate courts have unlimited review.

3.

The law of the case doctrine exists to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts.

4.

The law of the case doctrine applies both to issues a party raised and issues the party could have, but did not, raise, in a prior proceeding.

1

**5.**

All issues, including voidness, that could have been raised in a prior appeal will not be considered in a later appeal.

**6.**

A district court cannot modify a matter if the matter was settled by an agreement incorporated in the decree unless the agreement allows modification or the parties consent to modification.

**7.**

An agreement to pay maintenance that was not incorporated into the decree of divorce is subject to modification.

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed December 28, 2018. Affirmed in part, reversed in part, and remanded with directions.

*Robert M. Gerleman*, appellant pro se.

*Curtis G. Barnhill* and *Adina F. Morse*, of Barnhill & Morse, P.A., of Lawrence, for appellee.

Before SCHROEDER, P.J., STANDRIDGE, J., and WALKER, S.J.

SCHROEDER, J.:  This contentious divorce action returns to our court following our remand in *In re Marriage of Gerleman*, No. 114,855, 2017 WL 66339 (Kan. App. 2017) (unpublished opinion) (*Gerleman II*). In *Gerleman II*, we found Robert and Jeannette Gerleman's property settlement agreement incorporated into the divorce decree was ambiguous on the division of Robert's military retirement pay. We remanded for the district court to determine how it understood the parties agreed to divide his military retirement pay. Now, Robert argues the district court erred when it found the parties intended to divide the marital portion of Robert's military retirement pay equally. Robert

2

on remand for the first time also argued the decree was void. Finally, Robert argues the district court erred when it determined the amount of maintenance he had to pay was not modifiable.

We find the law of the case doctrine precludes Robert's arguments regarding whether the decree is void and find substantial competent evidence supports the district court's finding the parties intended to divide Robert's military retirement pay equally. However, we find the amount of maintenance Robert owed to Jeannette was not a matter settled by an agreement incorporated in the divorce decree and, as a result, maintenance was modifiable. Thus, we affirm in part, reverse in part, and remand.

*Gerleman II* sets forth in detail the tortuous history of this case. Because we find the law of the case doctrine precludes Robert's voidness argument, we will only briefly summarize the facts leading to our opinion in *Gerleman II*.

In 2012, after 20 years of marriage, Robert petitioned for divorce from Jeannette. In July 2013, the district court entered a divorce decree with an attached summary of division of property, which divided the parties' marital property in table format. In relevant part, it states:

| Item | Husband | Wife |
|---|---|---|
| US Military Pension 5/9/13 (handwritten) | Divided at husband's retirement based on military formula = # years of marital service/total months of military service TBD | Divided at husband's retirement based on military formula = # years of marital service/total months of military service TBD |

Jeannette appealed the divorce decree and Robert cross-appealed. *In re Marriage of Gerleman*, No. 110,461, 2015 WL 1513967 (Kan. App. 2015) (unpublished opinion) (*Gerleman I*). The parties settled the issues, however, and jointly dismissed their appeals.

Later, Jeannette filed a proposed qualified domestic relations order (QDRO) dividing Robert's military retirement pay. A different district court judge than the one who presided over the divorce heard arguments about what language to use in the QDRO. Based on the summary of division of property, the district court filed a QDRO dividing military retirement pay stating:

"Amount of Payments to Former Spouse. The Former spouse is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 226 months of marriage during the Service Member's creditable service, divided by the Service Member's total months of creditable service."

Robert appealed the QDRO. This court found the summary of division of property was ambiguous and remanded to the district court to determine how the summary of division of property assigned the pension between Robert and Jeannette upon Robert's retirement.

While the case was pending before this court, Robert moved for relief under K.S.A. 2017 Supp. 60-260(b)(4), arguing the decree was void because there was no valid agreement between the parties, the court acted inconsistently with due process, and the alleged agreement was reached through mediation but was not reduced to writing or signed by the parties. Robert also asked the district court to find maintenance was modifiable or terminable because the decree did not incorporate an agreement on maintenance.

In March 2017, the district court heard argument on whether the decree was void and whether a maintenance agreement was incorporated in the decree. A month later, the district court heard argument on how the district court had intended to divide the retirement pay. At that hearing, Jeannette testified she agreed to the "standard military formula" for the division of his military pay. She understood this to be the number of

years they were married while he was active military divided by the number of years he was in the military, multiplied by 50 percent. Jeannette recalled no discussion of her portion of Robert's military retirement pay being something other than 50 percent, and she would not have agreed to it if it had been suggested. Jeannette testified she believed her portion of Robert's monthly military retirement pay was roughly $1,800 per month. Jeannette also explained that she believed she and Robert had agreed on all the items—including military retirement pay—necessary to complete the property settlement agreement. Robert testified he did not agree to the formula presented to the court and emphasized he objected several times. Without identifying any, Robert suggested they had discussed other multipliers during negotiations. After argument, the district court took the matter under advisement.

The district court filed a memorandum decision May 12, 2017. It found the law of the case barred Robert's voidness argument because he should have incorporated it in his original appeal of the decree. The district court found the issue was settled when Robert dismissed his cross-appeal. It found the division of Robert's military retirement "was intended to be, and was ordered to be, equal" and determined Robert owed $61,123.25 in unpaid military retirement pay. The district court denied his motion for relief or to terminate maintenance because the decree "adopted what it found to be the agreement of the parties on the issue of maintenance." As a result, the district court found Robert in contempt for failing to pay maintenance because he had stopped paying maintenance in July 2016.

Robert appealed.

*The property settlement and maintenance provisions are not void.*

Robert argues the divorce decree's provisions related to the property settlement and maintenance are void. "'A judgment is void if the court that rendered it lacked

jurisdiction of the parties, or if its actions resulted in a denial of due process.'" *Sramek v. Sramek*, 17 Kan. App. 2d 573, 576, 840 P.2d 553 (1992). As a result, a void judgment may be vacated at any time. *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1987). Because a judgment is either valid or void as a matter of law, appellate courts have unlimited review. *In re Adoption of A.A.T.*, 287 Kan. 590, 598, 196 P.3d 1180 (2008).

Robert contends the district court erred when it concluded the law of the case precluded a finding that the decree was void. Whether the law of the case doctrine applies is a question of law, and this court has unlimited review. *State v. Parry*, 305 Kan. 1189, 1194, 390 P.3d 879 (2017). The law of the case doctrine exists ""to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts."" 305 Kan. at 1194. When a subsequent appeal is brought in the same case, the issues are generally not reconsidered because the prior decision is the law of the case on all questions involved in the first appeal. 305 Kan. at 1195. Similarly, the law of the case doctrine requires a trial court, acting on remand from an appellate court, proceed in accordance with the mandate and law of the case as established on appeal. 305 Kan. at 1195.

Robert contends the district court erred in finding the law of the case precluded a finding the decree was void because there is no appellate case finding the decree is not void. That said, this argument ignores one aspect of the law of the case doctrine: it also applies to issues a party did not raise, but could have raised, in a prior proceeding. *Parry*, 305 Kan. at 1195. Robert contends the division of property and maintenance orders are void because the district court: failed to find the division of property was valid, just, and equitable; violated K.S.A. 2017 Supp. 23-2902; erroneously bound the parties to an unsigned mediated agreement; and lacked the jurisdiction to bind the parties to a mediated agreement before it was reduced to writing and signed by the parties. He could

6

have raised all of these arguments in *Gerleman I* or *Gerleman II.* The law of the case doctrine would normally apply to Robert's arguments.

That said, a void judgment may be set aside at any time. *Sramek*, 17 Kan. App. 2d at 576; *Barkley v. Toland*, 7 Kan. App. 2d 625, 630, 646 P.2d 1124 (1982). Similarly, a party cannot acquiesce in a void judgment. *Sramek*, 17 Kan. App. 2d at 577. The question then is whether the law of the case doctrine precludes an argument that the judgment is void.

Robert contends it does not. He asserts a motion to set aside a void judgment "may be made after prior appeals or after the time for appeal has run." Robert cites two cases to support his argument: *Sramek* and *In re Marriage of Sumpter*, No. 96,256, 2007 WL 656424, at *4 (Kan. App. 2007) (unpublished opinion). Neither of these cases, however, found a judgment void following a prior appeal.

In *Sramek*, the father was ordered to pay child support. In 1984, the district court found service had been obtained on the father by certified mail and the father was in contempt of court for failing to pay child support. In 1990, the mother moved for revivor of the child support order, and in 1991 the district court revived the dormant judgment. SRS moved to determine postjudgment interest, and the father moved to alter or amend the judgment. The district court ruled the father's motion to alter or amend was filed out of time and dismissed the motion. The father appealed. Although this court found an eight-year-old judgment void, it did so on its first appeal.

Similarly, although *Sumpter* took nearly four years to resolve, there was only one appeal. There, the district court signed the divorce decree without reviewing any financial information and ordered the father to pay child support. A little over four years later, he moved to set aside the divorce decree as void. A different district court judge found there was no evidence for finding the decree fair, just, and equitable and set aside the decree as

7

void. The mother's attempted appeal was dismissed as interlocutory. A year later, a third district court judge found the district court lacked jurisdiction over the motion to set aside the decree because it was untimely and vacated the order finding the decree void. The father moved to set aside the third judge's order. The fourth judge reinstated the second judge's order, finding the decree was void, and the mother appealed. Although this process took nearly four years, there was only one appeal.

Neither *Sramek* nor *Sumpter*—nor any other Kansas case we have found—suggest a motion to vacate a void judgment may be filed after a prior appeal. But we have also been unable to find any Kansas caselaw suggesting the law of the case doctrine precludes a motion to vacate a void judgment after an appeal. This issue appears to be an issue of first impression in Kansas.

The Georgia Court of Appeals, however, addressed this issue in *Kent v. White*, 266 Ga. App. 822, 598 S.E.2d 113 (2004), and held the defendant was precluded from arguing the judgment was void because he had not raised the issue in a prior appeal. Like Kansas, Georgia law allows a void judgment to be attacked at any time. See Ga. Code Ann. § 9-11-60(a) ("A judgment void on its face may be attacked in any court by any person."). In *Kent*, a jury awarded damages against the defendant for breach of contract, fraud, punitive damages, and attorney fees. On appeal, the Georgia Court of Appeals reversed the damages for fraud, punitive damages, and attorney fees and remanded for a new trial. The jury again awarded those damages. Kent appealed again but did not argue the judgment in the second trial was void. The Court of Appeals affirmed. Afterward, White sought discovery, and when Kent withheld compelled discovery information about his finances, the district court found him in contempt. Kent appealed, arguing the second judgment was void. The Georgia Court of Appeals held Kent's failure to raise a void judgment in his prior appeal precluded its review. 266 Ga. App. at 824. The Court of Appeals reiterated: "All issues which were or could have been raised in a prior appeal

8

will not be considered in a subsequent appeal in the same case." 266 Ga. App. at 824.The Georgia Court of Appeals noted the Georgia Supreme Court has held:

> "'[N]o party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon . . . . He must discharge all his weapons, and not reserve a part of them for use in a future encounter. He must realize that one defeat will not only terminate the campaign, but end the war.'" 266 Ga. App. at 824 (quoting *R.O.A. Motors v. Taylor*, 220 GA. 122, 127, 137 S.E.2d 459 [1964]).

We find *Kent* persuasive because it is consistent with Kansas law of the case caselaw; it merely applies it to void judgments. "A party may not settle the law of his case by piecemeal before this court, any more than he may settle the facts in that way before the district court. When the case is tried, he must be prepared to present his entire claim, or his entire defense." *Headley v. Challiss*, 15 Kan. 602, 607 (1875). Thus, we hold all issues—including voidness—that could have been raised in a prior appeal will not be considered in a later appeal.

Robert has tried to resolve this case by piecemeal, testing one theory of relief after another. Unlike in *Sramek* and *Sumpter*, Robert had two prior appeals. He dismissed his original appeal of the divorce decree. And, like the defendant in *Kent*, he did not argue the property settlement agreement and maintenance order were void in *Gerleman II*. Now, in his third appeal, Robert suggests the decree is void for the first time. The law of the case doctrine precludes us from considering Robert's argument that the decree is void. As a result, we find it unnecessary to address the merits of his argument.

9

*The district court did not err when it found Robert in contempt.*

On appeal, Robert argued the finding of contempt should be set aside because the property settlement and maintenance provisions of the decree are void. He does not assert the finding of contempt should be set aside if the property settlement and maintenance provisions are valid. Issues not briefed are deemed waived and abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). Thus, since we have found the property settlement and maintenance provisions are valid, the finding of contempt is likewise valid.

*The district court did not improperly interpret or modify the decree.*

Robert argues the district court erred when it ignored evidence of the parties' intent when the agreement was made while interpreting the decree. As a result, he contends the district court improperly modified the decree. Unhelpfully, Jeannette's brief does not really argue this issue. Instead, it merely recites the district court's various findings of fact and conclusions of law with no analysis whatsoever.

The interpretation and legal effect of a journal entry, like the interpretation of other written instruments, is a matter of law subject to unlimited review. *In re Estate of Einsel*, 304 Kan. 567, 579, 374 P.3d 612 (2016) (interpreting journal entry in earlier divorce proceeding). Thus, to the extent this court must interpret the decree, its review is unlimited. A court's factual findings, however, are generally reviewed under the substantial competent evidence standard. See *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014). "Substantial competent evidence is "'evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved.'"'" *Wiles*, 302 Kan. at 73. This court's review of the district court's factual findings is limited to determining whether substantial competent evidence supports those findings.

10

Robert contends the parties "never fully agreed on the terms of the division of the military retirement." He argues the district court erred on remand because it relied on Jeannette's testimony on her understanding of the agreement rather than reviewing the transcripts of two hearings which, he contends, shows there was no agreement between the parties. Robert asserts "inasmuch as the Decree purports to enforce an agreement, the record is replete with disagreement over this term." However, the law of the case doctrine precludes these arguments.

In *Gerleman II*, the panel explicitly found the law of the case doctrine applied to any argument that there was no agreement:

"The record does reflect the district court approved the summary of division of property as its order distributing the assets of this marriage. The decree of divorce was appealed by both parties, the issues involving the property division as contained in the divorce decree were settled pending the appeal, and that portion of the appeal was dismissed by our court pursuant to an order dated February 21, 2014. *Thus, we are left with a final divorce decree that must be interpreted and applied for the benefit of both parties as the law of the case.*" (Emphasis added.) 2017 WL 66339, at *4.

Later, the panel again stated,

"When neither party appealed the February 21, 2014, order from this court dismissing 'all issues related to the divorce and subsequent property settlement matters,' the divorce decree became the law of the case, and, as a result, *both parties are prevented from relitigating issues related to the divorce and property settlement matters.*" (Emphasis added.) 2017 WL 66339, at *5.

Robert did not petition for review of this court's dismissal of *Gerleman I* or its opinion in *Gerleman II*. Thus, the law of the case doctrine precludes his arguments that there was no agreement on the division of military retirement pay.

11

On remand, the district court found "divided" meant "divided equally" based on the formula. Substantial competent evidence supports that finding. First, as the district court noted, Robert and Jeannette were married for 20 years and nothing in the record suggested a reason for dividing the marital estate "in something other than a 50/50 fashion." In addition, the summary of division of property contains an equalization payment and the final balances for Robert and Jeannette are separated by a single penny. At the April 25, 2017 hearing, Jeannette testified she believed the division would have been 50 percent. She also testified she remembered no discussion of the division of military retirement pay being any number other than 50 percent.

Robert also argues the district court's order dividing military retired pay impermissibly changed the decree by computing the pay based on 50 percent times a fraction. He contends the district court exceeded its jurisdiction because the QDRO "impermissibly added to and amended the language contained in the decree." He asserts there is no mention of retirement being divided equally or the parties agreeing to a multiplier of 50 percent.

Robert's argument is unpersuasive. The district court found "divided" in the summary of division of property meant divided equally. Since substantial competent evidence supports the district court's finding, the language of the QDRO does not impermissibly add to or amend the language of the decree. Instead, it merely clarifies an otherwise ambiguous term. The district court did not improperly interpret an ambiguous decree and did not modify the decree.

*Maintenance is modifiable.*

Robert argues the district court erred when it determined maintenance was not modifiable because the decree incorporated an agreement on maintenance. This court's review is unlimited for two reasons. First, the interpretation and legal effect of a journal

12

entry, like the interpretation of other written instruments, is a matter of law subject to unlimited review. *In re Estate of Einsel*, 304 Kan. at 579 (interpreting journal entry in earlier divorce proceeding). Second, resolution of this issue requires statutory interpretation, which is a question of law over which appellate courts have unlimited review. *Neighbor,* 301 Kan. at 918.

Robert does not argue there was no agreement on maintenance. Although he does not acknowledge the existence of an agreement on maintenance in his brief, at the May 9, 2013 hearing, Robert testified he agreed to $1,950 in monthly maintenance for 62 months. Robert simply argues the agreement on maintenance was not incorporated into the divorce decree and, as a result, K.S.A. 2017 Supp. 23-2712(b) does not apply. In contrast, Jeannette only argues there was an agreement for maintenance; she ignores whether K.S.A. 2017 Supp. 23-2712 applies.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

While appellate courts may correct clerical errors in a statute, "'[a]ppellate courts cannot delete vital provisions or add vital omissions to a statute if the legislature failed to enact the change as intended under any reasonable interpretation of the language used, regardless of the legislature's intention. Only the legislature may remedy these types of error.'" *Eastman v. Coffeyville Resources Refining & Marketing*, 295 Kan. 470, 476, 284 P.3d 1049 (2012).

13

In a divorce, K.S.A. 2017 Supp. 23-2712(b) limits the district court's ability to modify most matters settled by agreement. It states:

"Matters settled by an agreement incorporated in the decree, other than matters pertaining to the legal custody, residency, visitation, parenting time, support or education of the minor children, shall not be subject to subsequent modification by the court except: (1) As prescribed by the agreement; or (2) as subsequently consented to by the parties."

The statute's language is plain and unambiguous. A district court cannot modify a matter if the matter was settled by an agreement incorporated in the decree of divorce unless the agreement allows modification or the parties consent to modification. The exceptions—involving issues related to minor children—do not apply here. K.S.A. 2017 Supp. 23-2712 only applies to "[m]atters settled by an agreement incorporated in the decree." Black's Law Dictionary 883 (10th ed. 2014) defines incorporate as, in relevant part, "[t]o combine with something else" or "[t]o make the terms of another (esp. earlier) document part of a document by specific reference." Thus, in order for K.S.A. 2017 Supp. 23-2712(b) to apply, the decree must specifically reference the agreement.

The primary rule in interpreting a court order is to ascertain the intent of the court. *In re Estate of Einsel*, 304 Kan. at 581. "'As a general rule, if the language of a written instrument is clear and can be carried out as written,' the intent of the maker is made clear and 'there is no room for rules of construction.'" 304 Kan. at 581. If, however, the order is ambiguous, this court applies the same rules of construction as for any other written instrument. 304 Kan. at 581. Where ambiguity or uncertainty is involved in a written instrument, the parties' intentions are ascertained by considering the language used, the circumstances existing when the instrument was made, the objective of the written instrument, and other circumstances tending to clarify the real intention of the party or parties. *Byers v. Snyder*, 44 Kan. App. 2d 380, 386, 237 P.3d 1258 (2010).

14

The divorce decree makes three references to maintenance. First, it notes the parties "entered into a written Summary of Division of Property and Permanent Parenting Plan" which provides for, among other things, maintenance, and incorporates the summary of division of property into the decree. Later, the decree incorporates the "Marital Property Settlement Agreement executed by and between the parties" and awards maintenance "as set forth in the Agreement." Finally, the decree states:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Petitioner shall pay maintenance to the Respondent. The amount of maintenance per month is $1,950.00 per month for sixty-two (62) months, due on or before the 1st day of each month beginning on June 1, 2013. The Petitioner's maintenance obligation is subject to the conditions set forth in the parties' Marital Separation and Property Settlement Agreement filed herein."

K.S.A. 2017 Supp. 23-2712(b) does not prohibit modification of Robert's maintenance. The district court did not file a marital property settlement agreement with the divorce decree; it only filed a parenting plan, child support worksheet, and the summary of division of property dated May 9, 2013. Neither the summary of division of property nor the parenting plan discuss maintenance. While Kansas law allows for oral separation agreements—see *In re Estate of McLeish*, 49 Kan. App. 2d 246, 253, 307 P.3d 221 (2013)—the divorce decree makes no reference to the May 9, 2013 hearing in which Robert acknowledged the existence of an agreement on maintenance. None of the documents incorporated in the decree provide for maintenance. Maintenance is not a matter settled by an agreement incorporated in the decree, and K.S.A. 2017 Supp. 23-2712(b) does not apply. The district court erred when it denied Robert's motion for modification of maintenance based on K.S.A. 2017 Supp. 23-2712(b).

15

*Conclusion*

The law of the case doctrine precludes Robert's arguments that the decree is void because he did not raise the arguments in his prior appeals. As a result, the district court did not err when it found Robert in contempt for failing to pay maintenance. Similarly, substantial competent evidence supports the district court's finding the parties intended to divide Robert's military pay equally according to the formula. However, because the agreement on maintenance was not incorporated into the decree, the district court erred when it found maintenance was not modifiable. Thus, we remand for the district court to consider the merits of Robert's motion to modify maintenance.

Affirmed in part, reversed in part, and remanded with directions.