**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 11, 2022**

# In the Court of Appeals of Georgia

A21A1280. CITY OF ALBANY v. DOUGHERTY COUNTY, GEORGIA.

MILLER, Presiding Judge.

This is the second appearance of this case before the Court, in which Dougherty County seeks contractual indemnification from the City of Albany concerning a traffic accident allegedly caused by a code enforcement officer. See *City of Albany v. Dougherty County*, 352 Ga. App. 664 (835 SE2d 681) (2019) (*City of Albany I*). The City of Albany appeals from the trial court's order denying its motion for summary judgment, arguing that (1) an exculpatory clause in the intergovernmental agreement between the parties is not an indemnity provision; and (2) the City's potential indemnity liability should be capped at $500,000. We determine that the City's preliminary argument is barred by the law of the case

doctrine, and we do not address the City's second argument because it seeks an improper advisory opinion from this Court. Accordingly, we affirm.

"On appeal, we review the trial court's summary judgment ruling de novo and construe the evidence and all reasonable inferences therefrom in the light most favorable to the County as the nonmovant. Summary judgment is appropriate only if no genuine issues of material fact remain concerning the County's claim." (Citation omitted.) *City of Albany*, supra, 352 Ga. App. at 665.

As this Court summarized previously,

the City and the County entered into an [i]ntergovernmental [a]greement . . . on June 25, 2014, pursuant to the Service Delivery Strategy Act, OCGA § 36-70-20 et seq. As relevant to this appeal, the [intergovernmental agreement] was intended "to formalize their agreement for the City to furnish Code Enforcement Services within the confines of the unincorporated area of [the County]."

The terms of the [intergovernmental agreement] provided in pertinent part: The City shall use and employ one (1) individual who will be 100% dedicated to provide code enforcement services within the unincorporated area of [the County] in the same manner as provided to persons and properties within [the City]. *County will not be liable for any acts or omissions of such individual*. . . . [Emphasis supplied.]

2

On April 18, 2017, Daryl Driskell (the "Plaintiff") filed suit against the County, the City, and Melinda Gray, seeking damages for injuries he sustained in a July 2015 automobile collision when his vehicle was struck from behind by a County-owned vehicle driven by Gray. At the time of the accident, Gray, a code enforcement officer, was employed by the City, but operating a vehicle owned and maintained by the County. The City and Gray filed a joint motion to dismiss. The County filed an answer to the Plaintiff's complaint in which it also filed a cross-claim seeking contractual indemnification against the City based on the terms of the [intergovernmental agreement] between the City and the County. The City then moved to dismiss the County's cross-claim for contractual indemnification based on its assertion of sovereign immunity.

Following a hearing, the trial court granted Gray's motion to dismiss without prejudice after the Plaintiff's counsel conceded that Gray was not subject to a suit for damages stemming from the motor vehicle accident based on statutory immunity. The trial court found from the evidence presented that Gray was acting in her capacity as an employee of the City at the time of the accident, and that the City, therefore, should be substituted as the proper party defendant.

The trial court also found that the ante litem notice served on the City did not meet the requirements of OCGA § 36-33-5 (e) because the notice failed to include the specific amount of monetary damages being demanded against the City in the suit. As such, the trial court granted the City's motion to dismiss with prejudice the Plaintiff's claims against it,

3

concluding that the Plaintiff's claims against the City were time-barred due to his failure to give timely and proper ante litem notice.

The trial court then converted the City's motion to dismiss the County's cross-claim for contractual indemnification against it to a motion for summary judgment because the City had introduced evidence, including portions of deposition transcripts and a copy of the [intergovernmental agreement]. The trial court, in turn, denied the City's motion for summary judgment, finding that a genuine issue of material fact remained as to whether a viable indemnification clause exists within the [intergovernmental agreement] such that the City could be found liable over the County should the Plaintiff obtain a judgment against the County. . . . The trial court certified its order for immediate review, and this Court granted the City's application for interlocutory appeal.

(Citations and punctuation omitted.) *City of Albany*, supra, 352 Ga. App. at 665-666.

In *City of Albany I*, this Court first determined that the doctrine of sovereign immunity did not bar the current litigation between the City and the County. *City of Albany*, supra, 352 Ga. App. at 668 (1). Next, the Court addressed the exculpatory clause in the intergovernmental agreement, i.e., "County will not be liable for any acts or omissions of such individual." In addressing the City's argument that this provision was ultra vires and void, the Court held as follows:

4

> It is not readily apparent based on the language of the [intergovernmental agreement] as to the extent to which the City is required to indemnify the County for the alleged negligent acts of the City employee in the operation of the county owned and maintained vehicle. Moreover, applying the rules of construction to this language does not bring us to a resolution of this matter. Thus, the issue of what the ambiguous exculpatory language means and what the parties intended must be resolved by a trier of fact.

Id. at 668 (2). Accordingly, the Court affirmed the trial court's denial of the City's motion for summary judgment as to the County's cross-claim for contractual indemnification. Id. at 669 (3).

Thereafter, the parties continued with discovery, and the former County administrator, Richard Crowdis, testified that he participated in the drafting of the intergovernmental agreement. When questioned about the meaning of the exculpatory language, he testified as follows:

> Well, that the County wouldn't be held liable for any acts or omissions of an individual, which . . . is the City employee who is performing these services . . . was not hired by the County, was not evaluated by the County, was not – had any control over it. We wanted to make sure that the County was protected by any acts of this individual if it was . . . through negligence or incompetence or something of that nature. The City filed another motion for summary judgment, claiming that it sought

5

to "challenge the assumption that the so-called indemnity provision in the agreement actually is an indemnity provision." The City argued that the language would be more appropriately characterized as an exculpatory clause or a limitation-of-liability clause. The City also contended that its potential indemnity liability should be capped at $500,000. After a hearing, the trial court denied the City's motion for summary judgment, reasoning that this Court had previously rejected the City's argument in *City of Albany I*. The trial court further ruled that, based on Crowdis' deposition testimony, there remained a fact issue regarding whether the City would be required to indemnify the County based on the subject provision.[1] The City now appeals from that decision.

1. First, the City argues that the trial court erred in denying its motion for summary judgment because the exculpatory clause lacks "various hallmarks" of an indemnity clause. The City claims that (1) the clause states that the County will not be held liable, but indemnity necessarily means that the County would incur liability and be due repayment from the City; (2) the clause lacks any mention of an intent by

---

[1] The trial court first ruled that the County's action for contractual indemnification against the City was moot because it had granted summary judgment to the County as to Driskell's complaint. Driskell's appeal from the grant of summary judgment to the County is encapsulated in Case No. A21A1279, and this Court vacated the trial court's judgment in an unpublished opinion and remanded the case. Accordingly, the County's action for contractual indemnification against the City has not been rendered moot.

6

the City to protect the County from any loss; and (3) the clause does not mention third parties. We determine that these arguments are precluded by the law of the case doctrine.

> The 'law of the case' rule, though formally abolished, still applies to rulings by one of our appellate courts in a particular case; such rulings are binding in all subsequent proceedings in the same matter[.] An exception to this rule exists where the evidentiary posture of the case changes after remand by the appellate court. The evidentiary posture may change when a new issue not previously addressed by an appellate court is properly raised, or when the original evidence is insufficient but is later supplemented.

(Citation omitted.) *Ovrevik v. Ovrevik*, 254 Ga. App. 756, 759-760 (2) (a) (564 SE2d 8) (2002). As it pertains to summary judgment,

> [n]othing in OCGA § 9-11-56 limits the right of a party to move again for summary judgment after denial of such a motion. When the denial is affirmed on appeal, however, it establishes as the law of the case that the movant is not entitled, on the basis of the record as it then existed, to summary judgment. It is well established that when a ruling is appealed, the appealing party must raise all available grounds.

(Citations omitted.) *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 635-636 (5) (466 SE2d 872) (1995). See also *Smith v. Lockridge*, 288 Ga. 180, 186 (4) (702

SE2d 858) (2010) ("[N]o party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment.") (citation omitted); *Kent v. White*, 266 Ga. App. 822, 824 (598 SE2d 113) (2004) (applying the same principle in the context of the law of the case doctrine).

In *City of Albany I*, we noted that the intergovernmental agreement lacks any provision requiring the City to reimburse the County for damages incurred due to the negligence of the employee who serves as the code enforcement officer in the parts of the County covered by the agreement. *City of Albany*, supra, 352 Ga. App. at 669 (2). This Court then expressly held that "the issue of what the ambiguous exculpatory language means and what the parties intended must be resolved by a trier of fact." Id. In the present appeal, the City is identifying purported deficiencies in *the same clause* that this Court considered in *City of Albany I* when we determined that genuine issues of material fact precluded a grant of summary judgment to the City. In essence, "[t]he [exculpatory] language in issue was part of the record in [*City of Albany I*], and it is now raised in support of a contention made both in the trial court and on appeal in [*City of Albany I*]: that no enforceable [indemnification provision] was created. Consequently, the trial court was not authorized to consider it." *Cohen*, supra, 219

8

Ga. App. at 636 (5); *Kent*, supra, 266 Ga. App. at 824 (under the law of the case doctrine, appellant was precluded from raising an issue which could have been raised in the prior appeal).

Insofar as the City relies on Crowdis' deposition testimony, which became a part of the record after this Court's decision in *City of Albany I*, Crowdis' testimony on the clause does not change the evidentiary posture of the case such that the law of the case doctrine is inapplicable. Crowdis' testimony does not "supplement[] the original record in such a way that resolves any of the aforementioned material factual disputes in [the City's] favor." *Choate Constr. Co. v. Auto-Owners Ins. Co.*, 335 Ga. App. 331, 338 (1) (779 SE2d 465) (2015). In Crowdis' view, the clause means that "the County wouldn't be held liable for any acts or omissions of . . . the City employee." This assertion merely mirrors the verbiage of the clause itself and necessarily contains the same ambiguity discussed in *City of Albany I*. Moreover, Crowdis further explained, "[w]e wanted to make sure that the County was protected by any acts of this individual if it was . . . through negligence or incompetence or something of that nature." Based on Crowdis' testimony, we surely cannot say as a matter of law that the intergovernmental agreement fails to provide for indemnity for the County. As a result, our prior holding in *City of Albany I* — that a trier of fact

9

must resolve the issue of what the ambiguous exculpatory language means and what the parties intended — remains the law of the case. *Choate Constr. Co.*, supra, 335 Ga. App. at 338 (1). Accordingly, the trial court properly denied the City's motion for summary judgment as to the County's claim for contractual indemnification.[2]

2. Next, the City claims that its "potential indemnity liability" should be capped at $500,000 — an argument which the trial court did not address. The City argues that (1) its sovereign immunity has not been waived above the statutory minimum of $500,000; (2) the County exposed itself to liability for $2,000,000 by choosing to purchase insurance above the statutory minimum; and (3) the County quadrupled the City's potential liability without its knowledge or consent. We do not address this enumeration because the City seeks an improper advisory opinion from this Court.

"Georgia appellate courts are not authorized to render advisory opinions as to potential error." (Citation omitted.) *Huff v. Harpagon Co., LLC*, 286 Ga. 809, 811 (2) (692 SE2d 336) (2010). As mentioned above, Driskell's tort action against the County remains pending (Case No. A21A1279). There has been no determination that the

---

[2] To the extent that the trial court's ruling was not premised on the law of the case doctrine, the County raised the doctrine in the trial court, and we affirm the trial court's order under the right-for-any-reason rule. *Cohen*, supra, 219 Ga. App. at 636 (5).

County has incurred any liability for the traffic accident such that the City currently faces any indemnity liability. Thus, by asking this Court to declare the limits of its potential indemnity liability, the City seeks an answer to a legal question that has not yet arisen. See *Bd. of Regents of the Univ. Sys. of Ga. v. One Sixty Over Ninety, LLC*, 351 Ga. App. 133, 139 (1) n.11 (830 SE2d 503) (2019) (holding that this Court had addressed the only relevant issue presented in the appeal and that any discussion regarding an issue on which the trial court did not rule would be advisory); *Cheeks v. Miller*, 262 Ga. 687, 688 (425 SE2d 278) (1993) (appellate court cannot render an advisory opinion on hypothetical and legal questions that have not arisen but which the appellant fears may arise at a future date). Because this enumeration of error seeks an improper advisory opinion, we do not address it further.

Accordingly, we affirm the trial court's order denying the City's motion for summary judgment.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*