# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1719. CLARK v. LC HALSTEN, LLC.

LC Halsten, LLC filed a dispossessory action against Larry Clark, asserting Clark was a tenant holding-over and owed unpaid rent. The trial court issued an August 10, 2023 order granting Halsten a dispossessory warrant and damages. Clark, proceeding pro se, appealed the trial court's order, and this Court affirmed the trial court's ruling. See *Clark v. Halsten*, A24A0906 (Oct. 22, 2024) (unpublished). The Supreme Court denied certiorari. Upon remittitur, Clark, still proceeding pro se, filed a "Motion Collaterally Attacking the Final Judgment Issued on August 10, 2023 for it to be Voided and/or for it to be Set Aside." The trial court denied Clark's motion on April 10, 2025, and Clark filed a direct appeal from that order. We lack jurisdiction for two reasons.

First, Clark's appellate brief includes five enumerations of error, all of which assert that the trial court erred by denying his motion "filed under OCGA Section 9-11-60 to void and/or to set aside the trial court's illegally issued August 10, 2023 final judgment." The standard of review cited in his appellate brief refers to OCGA § 9-11-60 (d), as do his arguments. The denial of a motion to set aside a final judgment under OCGA § 9-11-60 (d) is not directly appealable and requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (a) (8). *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006); accord OCGA § 5-6-35 (a) (8). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257 (471 SE2d 60) (1996). Clark's failure to follow the proper appellate procedure requires this Court to dismiss his appeal.

Second, Clark's appeal is barred because the issues he raises have been litigated in his prior appeals. See *Kent v. White*, 266 Ga. App. 822, 824 (598 SE2d 113) (2004) ("All issues which were or could have been raised in a prior appeal will not be considered in a subsequent appeal in the same case."); see also *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal"); *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds.") (emphasis omitted).

Accordingly, this appeal is hereby DISMISSED.

*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___10/22/2025_____

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*