NOT DESIGNATED FOR PUBLICATION

No. 122,793

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

J.J. and D.J., as Next Friends for
D.J., a Minor,
*Appellees*,

v.

D.N. and M.N.,
*Defendants*,

and

FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Opinion filed August 20, 2021. Reversed, garnishment vacated, and case remanded with directions.

*Todd N. Thompson*, of Thompson-Hall P.A., of Lawrence, for appellant.

*Julie J. Gibson*, of Matteuzzi & Brooker, P.C., of Overland Park, for appellees.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

POWELL, J.:  D.N. was convicted of aggravated indecent liberties with a child for acts he committed against his great-granddaughter, D.J. (the child). As a result, the child's parents, J.J. and D.J. (the parents), sued D.N. and his wife, M.N., on behalf of their daughter. Farm Bureau Property & Casualty Insurance Company (Farm Bureau) insured

1

D.N. and M.N.'s home, but it refused to defend them on the grounds that their homeowners' insurance policy contained exclusions for "molestation or abuse" and "intentional acts." M.N. and the parents eventually entered into a settlement agreement, but M.N. died before the settlement agreement could be approved by the district court. While an estate was opened for M.N., it was never substituted as a party nor was it served with the lawsuit. At the settlement hearing, only the parents and their counsel were present, yet the district court entered judgment against M.N.'s estate anyway and awarded the child $1,000,000 in noneconomic damages.

The parents then sought to collect on the underlying judgment by initiating garnishment proceedings against Farm Bureau. Farm Bureau attacked the underlying judgment and moved for summary judgment, arguing that the homeowners' policy exclusions precluded coverage for M.N.'s negligence. The parents filed a cross-motion for summary judgment, arguing that the Farm Bureau policy covered the damages awarded in the underlying case and, therefore, the garnishment order against Farm Bureau was proper.

Ultimately, the district court granted the parents summary judgment on their garnishment claim, holding Farm Bureau's policy covered the damages caused by M.N.'s negligence. The district court ordered Farm Bureau to pay the $1 million judgment.

Farm Bureau now appeals, raising numerous claims of error with both the underlying judgment and the garnishment proceedings.

We conclude that because a garnishee may collaterally challenge an underlying void judgment and because M.N.'s estate was not substituted for M.N., the district court lacked personal jurisdiction over M.N.'s estate, making the underlying judgment void. Thus, we vacate the district court's garnishment order and its $1 million judgment against

M.N.'s estate and remand the case to the district court for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

*The Underlying Judgment*

In November 2015, the parents brought a lawsuit on behalf of their daughter against D.N. and M.N. In that lawsuit, the parents brought causes of action against D.N. and M.N. individually and jointly. Against D.N., they brought two claims: (1) sexual assault and battery and (2) gross negligence. Against M.N., they brought a claim of general negligence. Against D.N. and M.N. together, the parents brought a claim of breach of fiduciary duty. The parents set forth in their petition that D.N. sexually assaulted and lewdly fondled D.J., and the district court found that D.N. sexually molested the child at least once when she was visiting D.N. and M.N. in late December 2013 through early January 2014. At the time, the child was six years old.

As a result of the incident, D.N. was convicted of aggravated indecent liberties with a child.

The parents alleged that M.N. made promises and assurances to them that their child would be well cared for at her and D.N.'s home. The parents alleged that M.N. had multiple warnings of D.N.'s inappropriate behavior before he assaulted their child but that M.N. "turned a blind eye to said signs, choosing instead to enable her husband's sexually inappropriate perversities, by permitting him to be alone with minor children, including [their child], in their home and in the shed on the property." They alleged M.N. knew D.N. had sexually assaulted and molested multiple minor children while in his care and, nevertheless, took no steps to protect her great-granddaughter or warn the child's parents.

3

Farm Bureau insured D.N. and M.N.'s home. On December 17, 2015, Farm Bureau disclaimed any coverage for the suit and refused to supply D.N. and M.N. with a defense under their homeowner's insurance policy.

Eventually, M.N. and the parents entered into a settlement agreement in which the parents agreed to limit collection of any judgment they may obtain against M.N. to her Farm Bureau policy. Before a final judgment could be entered, M.N. died on August 7, 2016. M.N.'s estate was opened on February 20, 2017.

A settlement hearing was held on March 7, 2017. The hearing was short. D.N. did not appear, and neither did his attorney nor an attorney representing M.N.'s estate. No witnesses testified. The presentation of evidence was done via the admission of exhibits consisting of police reports, affidavits, medical provider reports, and other documents, which the district court took under consideration. None of the documents the district court considered are included in the record on appeal. After considering the evidence, the district court entered a judgment that totaled $1,000,000 in favor of the child against M.N.'s estate. The judgment was comprised of $500,000 of past noneconomic damages and $500,000 of future noneconomic damages.

In ordering the judgment, the district court found that M.N. did not take any steps to protect the child from D.N. Specifically, the district court found: "[M.N.] knew or had reason to know that her husband, [D.N.], had a history of pedophilia and had molested children in the past," that M.N. left the child alone with D.N. "despite knowing of his history of sexual behavior towards children," and that M.N. "failed to adequately supervise [the child] while the child was in her care." The district court concluded M.N. owed the parents and the child a duty of care while the child was staying at M.N.'s residence and that this duty of care was breached by:

"a.     Negligently allowing [the child] to be left alone with [D.N.], despite her knowing that [D.N.] had a history of inappropriate sexual behavior towards children;

"b.     Negligently assuring [the child's] parents that she would be safe in her and [D.N.]'s care;

"c.     Negligently failing to warn [the child's] parents that [D.N.] had a history of pedophilia;

"d.     Negligently supervising [the child] while she was in her care."

The district court further found the child had suffered substantial and permanent harm as a direct and proximate result of M.N.'s negligence, noting that the child received treatment from specialists and that treatment was likely going to continue in the future "as her behaviors have changed in ways that make clear that this incident has been branded on her emotionally."

*The Garnishment Action*

On August 31, 2017, the parents requested the district court to issue an order of garnishment against Farm Bureau for the $1,000,000 judgment entered against M.N.'s estate. For clarity, the parents were classified as the creditors, M.N.'s estate was classified as the judgment debtor, and Farm Bureau was classified as the garnishee holding assets of the judgment debtor that were subject to garnishment.

Farm Bureau answered this request by asserting that "[a]ny hypothetical liability for mere negligence could not exist in the present case, but for the intentional acts of sexual abuse by [D.N.]" and that the [great-grandparents'] policy excluded intentional acts of sexual abuse. Farm Bureau also asserted that the parents' "allegations do not meet the definition of occurrence because the definition excludes events or series of events

5

which were expected or intended from the standpoint of an insured." Further, it argued "[t]he policy Farm Bureau issued to the [great-grandparents] provides that there is no coverage for any loss, 'damages,' or 'medical expenses' 'arising out of' any act which is expected or intended by any insured to cause injury to any person" or "'arising out of' any sexual abuse or molestation, harassment, corporal punishment, or physical or mental abuse." The parents did not file a reply to Farm Bureau's answer.

In September 2018, Farm Bureau filed a motion for summary judgment, and the district court held a hearing on that motion in November 2018. A transcript of that hearing is not in the record on appeal. The parents filed a response in opposition to Farm Bureau's summary judgment motion and a cross-motion for summary judgment. Summarized, the parents argued the event qualified as an "occurrence" under the policy because "accident" was not defined; the policy's intentional acts and molestation exclusions were ambiguous because of the policy's severability provision; and the awarded damages in the underlying case were proper because no defendant requested a reduction for noneconomic damages, nor did a defendant raise the issue of the statement of damages being below the amount of the judgment.

After nine months, Farm Bureau's motion for summary judgment was denied in August 2019. In its order, the district court simply "adopt[ed] the arguments and authorities set out in [the parents'] Memorandum in Opposition to the Motion." However, the district court did not issue a ruling on the parents' cross-motion for summary judgment.

Another six months passed before the parents filed a motion requesting a ruling on their cross-motion for summary judgment. The next day, the district court adopted the parents' proposed order, granting their motion for summary judgment in the garnishment action. The district court held that the insurance policy provided coverage for M.N.'s negligent acts because the insurance policy included a severability clause that mandated

6

the exclusions be applied to each insured separately. Because the underlying judgment as to the conduct of M.N. arose from negligence, not from conduct for which an exclusion in the Farm Bureau policy would apply, her acts were covered by the policy. The district court concluded its order: "The Court hereby finds that Defendant Farm Bureau owes insurance coverages as to the Judgment for Plaintiffs that was entered on March 7, 2017. Consequently, the Court enters Judgment for Plaintiffs and against Defendant Farm Bureau Property & Casualty Insurance Company." The result of the grant of summary judgment in favor of the parents meant that the previously ordered garnishment order against Farm Bureau took effect.

Farm Bureau appeals the denial of its motion for summary judgment and the district court's garnishment order.

ANALYSIS

Farm Bureau raises eight issues on appeal. Its allegations of error include assertions that the district court conducted the garnishment proceedings improperly, making the garnishment order invalid; the district court misconstrued the insurance policy by holding that it covered M.N.'s negligence; and the district court wrongly enforced an invalid and void underlying judgment. We choose to focus on one issue because it is dispositive, namely, that the underlying judgment is void making it unenforceable, thus making the garnishment order invalid.

*Standard of Review*

The garnishment order was issued due to the summary judgment granted to the parents and against Farm Bureau, suggesting the standard of review for appeals of the district court's summary judgment is in order. But a bifurcated standard of review is employed when reviewing a garnishment order.

"Under a bifurcated standard,

'[t]he function of an appellate court is to determine whether the trial court's findings of fact are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion. An appellate court's review of conclusions of law is unlimited. The appellate court does not weigh conflicting evidence, pass on credibility of witnesses, or redetermine questions of fact.' [Citations omitted.]" *Geer v. Eby*, 309 Kan. 182, 190-91, 432 P.3d 1001 (2019).

But where the facts have been stipulated to or are undisputed, like appeals of summary judgments, our review is de novo. 309 Kan. at 191.

Kansas law allows a garnishment order to be issued to aid in the execution of a judgment. K.S.A. 2020 Supp. 60-731(a). Intangible property, funds in a financial institution, and earnings may be garnished. See K.S.A. 60-732 (intangible property other than earnings); K.S.A. 2020 Supp. 60-733 (funds in a financial institution); K.S.A. 2020 Supp. 60-734 (earnings). "Garnishment is a procedure whereby the wages, money or intangible property of a person can be seized or attached pursuant to an order of garnishment issued by the court under the conditions set forth in the order." K.S.A. 2020 Supp. 60-729(a). Because the creditor stands in the shoes of the debtor in a garnishment proceeding, the creditor-garnishor may enforce rights of the judgment debtor, including claims a judgment debtor may have against an insurance company. See *Geer*, 309 Kan. at 191. "When a garnishee is an insurer of the judgment debtor, the garnishee-insurer has the burden to prove any affirmative policy defense. [Citation omitted.]" 309 Kan. at 191.

Here, Farm Bureau attacks the underlying judgment, arguing there was no substitution of parties after M.N.'s death as required by K.S.A. 2020 Supp. 60-225(a). As a result, it argues the underlying case should have been dismissed, thus rendering the

garnishment order invalid. The parents reply that Farm Bureau failed to raise this issue below and that M.N.'s estate voluntarily submitted to the jurisdiction of the district court.

The parents have a point. The general rule is that issues not raised below may not be raised for the first time on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). A review of the record shows that nowhere did Farm Bureau's garnishment answer raise the allegation of a void judgment on the grounds that M.N.'s estate was not substituted as a party to the underlying action. It merely alleged that M.N.'s estate had no obligation to pay any portion of the judgment. Moreover, while Farm Bureau's motion for summary judgment did allege that the underlying judgment was defective, it claimed the judgment was void on the grounds that the damages were improperly entered.

But

> "'there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case [and] (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights.'" *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008).

Both such exceptions appear to be applicable here. But our Supreme Court has said that a party failing to raise an issue below must invoke one of the exceptions to the general rule barring consideration of an issue for the first time on appeal. *State v. Williams*, 298 Kan. 1075, 1086, 319 P.3d 528 (2014); Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35). Farm Bureau fails to invoke any exception justifying our consideration of the issue for the first time on appeal.

What saves Farm Bureau is the well-established rule that "[a] void judgment is a nullity and may be vacated at any time." *Bazine State Bank v. Pawnee Production*

*Service, Inc.*, 245 Kan. 490, 496, 781 P.2d 1077 (1989). The gravamen of Farm Bureau's argument is that M.N.'s estate was never substituted for M.N. or served in the underlying action, meaning the district court never had personal jurisdiction over the estate to impose a judgment against it. See *In re Marriage of Salas*, 28 Kan. App. 2d 553, 557, 19 P.3d 184 (2001) (divorce decree properly challenged nearly 9 1/2 years later due to lack of personal jurisdiction). Because we are loathe to uphold a $1 million garnishment order based upon a void judgment, we will consider the merits of Farm Bureau's argument. See *State v. Lawson*, No. 114,343, 2016 WL 2610151, at *2 (Kan. App. 2016) (unpublished opinion) (appellant's failure to comply with Rule 6.02[a][5] overlooked because merits easily addressed).

A void judgment is subject to collateral attack by a garnishee. "A judgment is void when the district court lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process." *Crist v. Hunan Palace*, 277 Kan. 706, 718, 89 P.3d 573 (2004). Because a judgment is either valid or void as a matter of law, our review of such a question is unlimited. *In re Marriage of Gerleman*, 56 Kan. App. 2d 578, 582, 435 P.3d 552 (2018).

Substitution of a party is purely a matter of statutory law and strict compliance with its provisions is required. *Gatewood v. Bosch*, 2 Kan. App. 2d 474, 476, 581 P.2d 1198 (1978). K.S.A. 2020 Supp. 60-225(a)(1) provides:

> "If a party dies and the claim is not extinguished, the court must on motion order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within a reasonable time after service of a statement noting the death, the action by or against the decedent must be dismissed."

In the absence of a voluntary appearance, any nonparty, including the decedent's successor or representative, must be personally served. See K.S.A. 2020 Supp. 60-225(a)(3); *Gatewood*, 2 Kan. App. 2d at 476.

Farm Bureau is correct that no substitution of M.N.'s estate was made for M.N. Nor was M.N.'s estate ever served with the underlying lawsuit. The parents try to get around this deficiency by claiming that M.N.'s estate voluntarily submitted to the jurisdiction of the district court. However, we see no evidence in the record supporting that proposition. As a result, we have no choice but to conclude the district court lacked personal jurisdiction over M.N.'s estate when it entered its judgment, making the underlying judgment supporting the garnishment order void. Because the underlying judgment is void, the district court erred in issuing its garnishment order against Farm Bureau. Thus, we reverse the judgment against M.N.'s estate, vacate the garnishment order, and remand the case to the district court for further proceedings consistent with this opinion.

Reversed, garnishment vacated, and case remanded with directions.